GORDON E. R. TROY, PC
Gordon E. R. Troy (GT3737)
3333 Lake Road
PO Box 368
Charlotte, VT 05445
(802) 425-9060 Phone
(802) 425-9061 Fax
**gtroy@webtm.com** Email

*Attorney for Plaintiff,* ARCO INDUSTRIES, INC.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ARCO INDUSTRIES, INC., <br><br> Plaintiff, <br><br> v. <br><br> NEW YORK WINE CO. LLC, <br> ROBERT ALLEN, and, <br> DERRICK MIZE <br><br> Defendants | Case No. 1:08-cv-01999-PKC |

## COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

Plaintiff ARCO INDUSTRIES, INC. d/b/a New York Wine Warehouse, New York Wine Storage Company and NYWINES (hereinafter "NYWINES") for their complaints against Defendants NEW YORK WINE CO. LLC, ROBERT ALLEN, and DERRICK MIZE (collectively hereinafter referred to as "Defendants" and as more fully identified below) states and alleges as follows:

### NATURE OF ACTION AND RELIEF SOUGHT

1.     This action arises out of Defendants' willful and blatant violation of NYWINES' intellectual property rights, and specifically in violation of the Lanham Act,

and New York State law. Defendants, who for reasons set forth herein, should have been fully aware of NYWINES' rights in its trademarks, assumed name, and wide spread use of its names, did unlawfully adopt a confusingly similar name for their wine shop, to the detriment of NYWINES.

2.     Defendants are infringing NYWINES' valuable trademarks and domain name. They are causing confusion, tarnishing, denigrating, and diluting the distinctive quality of the NEW YORK WINE WAREHOUSE and NEW YORK WINE STORAGE COMPANY brands, and further causing confusion by adopting and using a domain name that is virtually identical to NYWINES – NYWINES.COM v. NYWINECO.COM. These acts are misleading the public and diminishes the valuable good will painstakingly developed by NYWINES and represented by the NEW YORK WINE WAREHOUSE, NEW YORK WINE STORAGE COMPANY and NYWINES brands.

3.     NYWINES has not granted Defendants a license to use its well-known trademark. Despite having full notice of NYWINES' established rights in the NEW YORK WINE WAREHOUSE and NEW YORK WINE STORAGE COMPANY marks by virtue of the Federal incontestable trademark registrations, along with its well and long established domain name NYWINES.COM, Defendants are using NEW YORK WINE CO and NYWINECO.COM in the name of its business, on its website, in advertising and promotional materials directed at the same consumers, class of consumers, in the same geographic area as NYWINES. As more fully set forth herein, the consuming public is immediately associating Defendant's use of NEW YORK WINE CO and NYWINECO.COM with that of NYWINES.

4.    Defendants have engaged in dilatory tactics since October 12, 2007 when Defendants received a cease and desist letter from NYWINES placing them on notice of their violation of NYWINES' rights. Finally, on January 30, 2008, three and a half months after receipt of the NYWINES' complaint, and after making all conceivable efforts to avoid NYWINES' claims, counsel for Defendants rebuffed NYWINES' complaint and request for immediate cessation of all confusingly similar marks. The essence of Defendants justification for ignoring NYWINES' complaint is that despite NYWINES' prior use, and registration of its marks, Defendants are free to copy and imitate the marks without infringing the intellectual property rights of NYWINES. The position taken by Defendants is entirely inconsistent with the specific provisions of the Lanham Act, and the well established principals of trademark law.

5.    This is an action for trademark infringement, unfair competition, false designation of origin, false advertising and misappropriation of a domain name, arising under the Trademark Act of 1946, 15 U.S.C. §§1051, *et. seq.*, as amended (the "Lanham Act") and for deceptive trade practices under the laws of the State of New York (GBL §349) and unfair competition under the common law of New York.

## PARTIES AND BACKGROUND

6.    NYWINES is a corporation organized and existing under the laws of the State of New York, having its principal place of business in Long Island City, Queens, New York.

7.    Liquor license L-03710 was granted to NYWINES, effective January 23, 1992. The exact name of the license holder is listed on the license as Arco Industries, Inc. d/b/a N Y Wine Warehouse.

8.      NYWINES is and has been in the wine business since the grant of its license. It owns and operates a retail wine and liquor shop, a wine storage company, an interactive website at NYWINES.COM and is actively engaged in the wine auction business through its relationship with Christies, Inc.

9.      NYWINES is very well known in the wine industry inside and outside of this district because of its specialization in fine and rare wines. It has developed a worldwide reputation where people specifically know to come to NYWINES when they are seeking specialty and rare wines. As a fully licensed wine and spirits retail store, NYWINES also carries a full line of products accommodating the variegated needs of its customers.

10.     NYWINES owns incontestable trademark registrations for its trademarks NEW YORK WINE WAREHOUSE and NEW YORK WINE STORAGE COMPANY, Registration Nos. 2392991 and 2395149, respectively and attached as Exhibits 1 and 2.

11.     NYWINES first registered the domain name NYWINES.COM on August 7, 1995, and has actively used NYWINES.COM since December 1995.

12.     On or about February 24, 2006, Defendants formed the legal entity NEW YORK WINE CO., LLC in the State of New York.

13.     On or about March 1, 2006, Robert Allen registered the domain name NYWINECO.COM in his own name.

14.     Upon information and belief, Defendants have their principal place of business in Manhattan, New York City.

15.     Upon information and belief, nearly a year after creating a legal entity, and obtaining the domain name, Defendants opened its store in New York City.

16.     Upon information and belief, defendant Robert Allen is an owner and principal of NEW YORK WINE CO. LLC.

17.     Upon information and belief, defendant Derrick Mize is an owner and principal of NEW YORK WINE CO. LLC.

### JURISDICTION AND VENUE

18.     Upon information and belief, the acts complained of herein, were carried out by each of the Defendants within this judicial district.

19.     This Court has subject matter jurisdiction over the claims alleged under the Lanham Act pursuant to 15 U.S.C. §1121, 28 U.S.C. §§ 1331, 1338(a), 1338(b) and the principles of pendant jurisdiction.

20.     This Court has personal jurisdiction over Defendants in that Defendants do business in this district, its principal business establishment is located in this district, and operate a website accessible in this district, and engage in the promotional activities alleged herein throughout this district in violation of the Lanham Act.

21.     This court has personal jurisdiction over each of the Defendants pursuant to C.P.L.R. §§ 302(a) et. seq. because Defendants have committed tortious acts both within and without the State of New York, is causing injury to plaintiff NYWINES within the State of New York, and Defendants are regularly conducting and soliciting business within the State of New York.

22.     Venue is proper in this district by virtue of 28 U.S.C. § 1391(b).

## FACTS APPLICABLE TO ALL CLAIMS

## PLAINTIFF NYWINES BACKGROUND

23.     Mr. Geoffrey M. B. Troy is a principal of NYWINES and has been in the
wine and spirits business for approximately twenty years. Prior to engaging in the wine
business he, along with others, developed and published a widely distributed newsletter,
The Underground Wine Letter, a critical periodical about rare wines. More than ten
thousand (10,000) copies of this newsletter was distributed throughout the United States,
and outside the United States for a period of twenty (20) years. Furthermore, he was
actively involved in various wine and food societies, including "The Confrérie des
Chevaliers du Tastevin," The New York Wine and Food Society, "The Commanderie de
Bordeaux" and "Vingt Six". He regularly traveled to California and Europe, and was
often invited by vintners to sample and comment upon wines in their early stages of
development. It was through these affiliations, and his inestimable evaluation of wines
that he developed a nationwide if not international recognition within the fine wine
industry.

24.     In 1991 Mr. Troy decided to open his own wine store which was opened
in 1992 and was met with immediate success. It was acclaimed by many industry
publications at the time and since. Noting that many people who desired to collect fine
wine did not have the cellaring capabilities in their homes and apartments, he developed a
unique business model of selling wines through the NEW YORK WINE WAREHOUSE,
a New York State licensed wine and liquor store, and then also providing storage for its
customers of their purchases through the NEW YORK WINE STORAGE COMPANY.
From its early days, it took on rapidly and required the business to expand its facilities

ultimately taking over all available space, both at ground level and underground in order to keep up with the increasing demand of its business. Currently NYWINES rents a total of fifteen thousand seven hundred and forty two (15,742) square feet for its business, much of it racked for maximum cubic foot usage. This is a remarkable accomplishment for such an enterprise located in a metropolitan area, let alone the New York metropolitan market.

25.     On August 7, 1995, NYWINES acquired the domain name NYWINES.COM as it was working on creating a website for its business. The initial website was mostly an informational site providing information about the NEW YORK WINE WAREHOUSE and the products it sells. Over the years, as has the Internet, the NYWINES.COM website has developed into a robust and widely visited website by customers and potential customers.

26.     NYWINES is the owner of the entire right, title and interest in and to the following federal trademarks:

a.     United States Registration No. 2392991 for NEW YORK WINE WAREHOUSE issued on October 10, 2000 for: Retail store services, mail order catalog services, and computerized on-line ordering services all in the field of wine, in International Class 35. A copy of the Certificate of Registration No. 2392991 is attached as Exhibit 1.  On December 26, 2006, the Trademark Office accepted the combined Section 8 and 15 affidavits and therefore accorded Registration No. 2392991 incontestable status as provided under Section 15 of the Lanham Act. 15 U.S.C. § 1065.

b.      United States Registration No. 2395149 for NEW YORK WINE

STORAGE COMPANY issued on October 17, 2000 for: Warehousing services, in

International Class 39. The Certificate of Registration No. 2395149 is attached as

Exhibit 2. On December 26, 2006, the Trademark Office accepted the combined

Section 8 and 15 affidavits and therefore accorded Registration No. 2395149

incontestable status as provided under Section 15 of the Lanham Act. 15 U.S.C. §

1065.

27.     NYWINES registered the assumed name of NYWINES on January 23,

2007 with the New York Secretary of State.

28.     NYWINES also has a significant alliance relationship with Christies, the

internationally acclaimed auction company with offices around the world. Through this

relationship. NYWINES has worked with Christies since January 2002 and together they

have worked on Fifty-seven (57) auctions selling more than Ninety Million

$90,000,000.00 (dollars) of wine. In connection with each such auction, both physical

catalogs are distributed as well as the catalog being completely available online. At

present, approximately eleven-hundred twenty auction catalogs are distributed for each

auction, and that number was previously larger than it is today. Approximately three

quarters of the catalogs are distributed within the United States and of that more than a

quarter are distributed within New York state. Each such auction catalog prominently

shows NYWINESCHRISTIES on the cover, and includes numerous references to

NYWINES as the entity handling the legal licensed logistics of the wine auction.

Attached, as Exhibit 3, is a sample of relevant pages from one such printed catalog as

well as sample pages from an online catalog.

29.    The wine industry popularized this relationship in many different forums and media. For example, the *wineinvestor.com* stated in early 2002: "Christies is the global auction juggernaut covering the world from New York to Hong Kong. … In 2002 they switched to the boutique New York Wine Warehouse, creating the enterprise NYWinesChristies, which is how all of the auctions are labeled. They also hold auctions in Los Angeles broadening their US footprint." *Decanter.com* said on January 3, 2002 "Christie's in New York has chose as its new associate a purveyor of blue-chip and boutique wines based in Long Island City, just across the East River from Manhattan. The new associate is the New York Wine Warehouse, whose president, Geoffrey Troy, is well known among collectors of fine and rare wines … The new arrangement will be known as NYWinesChristies, the auction house's North American Wine Department said today. Richard Brierley, head of the department, called the New York Wine Warehouse 'a well-respected player in the North American Wine Market.'" Heralding the success of this relationship, the New York Times said: "[t]he inaugural auction under the NYWinesChristie's rubric in Manhattan was a clear success, with 97% of 646 lots sold for $2,291,432 … on 8 March."

30.    NYWINES has been listed each year since 2005 in the annual ZAGAT New York City Gourmet Shopping & Entertaining guide and in the 2008 edition it states: "[A]n 'extraordinary secret resource' that will 'sell, deal, auction, store, catalog and deliver' wines for knowledgeable oenophiles; its 10,000 labels (including a deep selection of Burgundies) make it a favorite of collectors …".

31.    Additionally, over the years NYWINES has been quoted, mentioned or otherwise discussed in leading publications, including: The New York Times, Newsday,

The Sun, Bloomberg as well as industry publications including Decanter and the Wine Spectator. Suffice it to say, within the wine industry, and certainly the wine industry in the New York metropolitan area, NYWINES is well known, highly regarded, and well established and clearly recognized by the industry and consumers.

### DEFENDANT NEW YORK WINE CO., LLC BACKGROUND

32.    As stated above, Defendants formed the legal entity NEW YORK WINE CO., LLC in the State of New York. Defendants named their store NEW YORK WINE CO as shown in the attached photographs in Exhibit 4 consisting of their store located at 21 Warren Street, New York City. The attached photographs show the front of defendant's store and their prominent use of NEW YORK WINE CO.

33.    As stated above, Defendants acquired the domain name NYWINECO.COM and are actively using it to promote their business. Attached as Exhibit 5 are several pages from Defendant's website clearly demonstrating that they are using NEW YORK WINE CO and the domain name NYWINECO.COM to actively market and promote their wine store. Moreover, it is patently clear from the third page of Exhibit 5, that Defendants are targeting their business at the very same consumers who collect rare wines as does NYWINES but having a "Collector's Club" which costs three hundred sixty ($360.00) dollars to be a member of. There is no doubt that Defendants' targeted customers are the same as those of NYWINES.

34.    Attached, as Exhibit 6 is copy of the October 2007 New York Yellow Pages telephone directory showing that the NEW YORK WINE CO is listed immediately prior to NEW YORK WINE WAREHOUSE. Upon information and belief, in each edition of the New York Yellow Pages telephone directories from 1992 through the

edition shown in Exhibit 6, New York Wine Warehouse was the only company listed

beginning with New York Wine.

35.     As can be readily seen from the foregoing exhibits Defendants are using

NEW YORK WINE CO and NYWINECO.COM extensively in their advertising and

promotional efforts.

36.     Each of NYWINES' trademark registrations, NEW YORK WINE

WAREHOUSE, and NEW YORK WINE STORAGE COMPANY, are at issue here and

are incorporated within Defendants' use of NEW YORK WINE CO.

37.     NYWINES's domain name is NYWINES.COM while Defendants domain

name is NYWINECO.COM. Defendants have dropped the letter "S" and added "CO" in

its place. This is an insubstantial difference between the two domain names particularly

since "CO" is the well known and commonly used abbreviation for "Company".

38.     Defendant Robert Allen is a 1999 graduate of the Culinary Institute of

America. NYWINES has been an active member of the corporation and fellow of the

Culinary Institute of America since 1992. As such, NYWINES has been an identified

resource to students of the Culinary Institute of America, as well as being listed in

newsletters and "Mis En Place," a publication of the Culinary Institute of America. One

of the goals of the Culinary Institute of America is to connect its students with leading

members of the culinary world, which NYWINES is an active participant in. Suffice it to

say, NYWINES is well recognized at the Culinary Institute of America, and given this

long association predating one of the Defendant's enrollment, is further notice to

Defendants of NYWINES adoption and use of its valuable trademarks.

39.     Given the long, uninterrupted and exclusive use of NEW YORK WINE WAREHOUSE and NEW YORK WINE STORAGE COMPANY, and the extensive advertising and promotional activities engaged in by NYWINES, Defendants, would have surely been aware of, and knew of NYWINES, all in advance of having selected NEW YORK WINE CO and NYWINECO.COM. Defendants had constructive notice of NYWINES' intellectual property rights by virtue of its incontestable federal trademark registrations.  Given the numerous advertising, marketing, publicity, and support of a significant educational institution, Defendants are presumed to have had notice of the existence, and use of NYWINES trademarks.

40.     The use of NEW YORK WINE CO by Defendants is virtually identical to NYWINES's NEW YORK WINE WAREHOUSE and NEW YORK WINE STORAGE COMPANY except for the omission of "WAREHOUSE" and "STORAGE". When encountering NEW YORK WINE CO, a consumer will readily associate the mark and the name of the business with NYWINES.

41.     Both NYWINES and Defendants are engaged in essentially the same business, in the same geographic market area, and direct their activities to the same class of consumers. On its website NYWINECO.COM, Defendants state: "New York Wine Co. has both a conspicuous passion for the classic wines of Europe and a loyalty to quality wines from the world's other notable regions. Our own personal curiosity about wine keeps New York Wine Co.'s selection frequently changing, and our devotion to a wine's characteristics of terroir focuses our selection on producers that create a sense of place. No matter if you're looking for everyday drinking wines, undiscovered specialties,

or rare trophy vintages, New York Wine Co.'s warm, enthusiastic approach to wine will suit your tastes."

42.     Shortly after learning of Defendants' adoption and use of NEW YORK WINE CO, NYWINES' counsel contacted Defendants with a cease and desist letter requesting Defendants to immediately change their name, and turn over their domain to NYWINES, among other things.

43.     For a period of more than three (3) months, counsel for Defendants kept stalling counsel of NYWINES stating that either he was too busy, or that his client was too busy to respond substantively to NYWINES' demands. Then finally, after three and a half months, different counsel for Defendants responded by rebuking the claims made by NYWINES. See, Exhibit 7.

44.     Upon information and belief, Defendants have knowingly and willfully adopted NEW YORK WINE CO despite full knowledge of the existence and registration of NEW YORK WINE WAREHOUSE and NEW YORK WINE STORAGE COMPANY by NYWINES.

45.     Upon information and belief, Defendants have knowingly and willfully adopted the domain name NYWINECO.COM despite full knowledge of the existence and registration of the domain NYWINES.COM by NYWINES.

46.     Defendants have performed the aforementioned acts without permission or authority from NYWINES and without legitimate license to reproduce, promote, manufacture, offer for sale, sell and/or distribute products or engage in such activities.

47.     Upon information and belief, unless enjoined by this Court, Defendants intend to continue their course of conduct and wrongfully reproduce, promote,

manufacture, offer for sale, sell and/or distribute products or engage in promotional activities utilizing NEW YORK WINE CO and NYWINECO.COM despite NYWINES's ownership of the federally registered incontestable marks NEW YORK WINE WAREHOUSE and NEW YORK WINE STORAGE COMPANY and the domain name NYWINES.COM. As a direct and proximate result of the acts of Defendants alleged herein, NYWINES suffers irreparable damage and injury. NYWINES may have no adequate remedy at law to redress the injuries Defendants have caused and will continue to cause by their conduct. NYWINES will continue to suffer irreparable damage, injury, and lost profits unless this Court enjoins Defendants.

## FIRST CLAIM FOR RELIEF
### (Federal Trademark Infringement)
### (15 U.S.C. § 1114)

48.    NYWINES restates and incorporates the Allegations of Paragraphs 1 through 47 of this Complaint as if fully set forth herein.

49.    NYWINES is the owner of the Federal Trademark Registrations identified in Paragraph 26 of this Complaint as well as the assumed name NYWINES identified in Paragraph 27 of this Complaint, and the domain name NYWINES.COM identified in Paragraph 25 of this Complaint. The NYWINES trademarks, assumed name, and domain name have acquired substantial goodwill and secondary meaning.

50.    Defendants have adopted and are using NEW YORK WINE CO and NYWINECO.COM in a manner that is likely to cause confusion, is causing confusion, mistake and deception among the general purchasing public as to the origin and affiliation of Defendants with NYWINES. Defendants are likely to deceive the public into believing that the NEW YORK WINE CO and NYWINECO.COM originates from,

is associated with, or is otherwise authorized by NYWINES, all to the damage and detriment of NYWINES's reputation, goodwill, and profits.

51.    Defendants have unlawfully and wrongfully derived, and will continue to unlawfully and wrongfully derive, income and profits from these infringing acts, and NYWINES has sustained and will continue to sustain substantial injury, loss and damage in an amount according to proofs at the trial of the within suit.

52.    Defendants use of one or more of NYWINES's trademarks on or in connection with the sale of products and promotion of its retail store constitutes willful and deliberate infringement of NYWINES's trademarks, without authorization or consent in violation of §32 of the Lanham Act, 15 U.S.C. §1114.

53.    Defendants' acts of willful infringement have caused and will continue to cause NYWINES irreparable harm and injury to its goodwill and reputation unless this Court enjoins such conduct. NYWINES may have no adequate remedy at law. Thus, Defendants should be restrained and enjoined pursuant to 15 U.S.C. §1116.

54.    Because of Defendants activities, NYWINES has been damaged in an amount to be ascertained at the trial of the within suit.

**SECOND CLAIM FOR RELIEF**
**(Unfair Competition and False Designation of Origin)**
**(15 U.S.C. § 1125(a)(1)(A))**

55.    NYWINES restates and incorporates the Allegations of Paragraphs 1 through 54 of this Complaint as if fully set forth herein.

56.    Defendants are manufacturing, distributing, selling and offering for sale in commerce products and promoting its business bearing unauthorized reproductions of trademarks virtually identical to NYWINES' trademarks.

57. By deliberately and willfully using trademarks virtually identical to NYWINES' trademarks, Defendants have consciously and deliberately sought to capitalize on the distinctive quality and recognition of NYWINES' trademarks and have intended to capitalize upon and profit by consumer confusion they have created.

58. Defendants' are knowingly and intentionally misrepresenting and falsely designated to the general public the affiliation, connection, association, origin, source, sponsorship and approval of its competing business, and intends to misrepresent and falsely designate to the general public the affiliation, connection, association, origin, source or sponsorship of its business, so as to create a likelihood of confusion by the pubic as to the affiliation, connection, association, origin, source and sponsorship of the Defendants and Defendants business.

59. Defendants conduct as alleged is deliberate and willful, is likely to cause confusion, will injure NYWINES' reputation unless enjoined, and constitutes unfair competition and a false designation of origin in violation of §43(a)(1)(A) of the Lanham Act, 15 U.S.C. §1125(a)(1)(A).

60. Defendants wrongfully and unlawfully derived, and will continue to wrongfully and unlawfully derive, income, profits, and benefits from these acts of false designation of origin, and false representation. NYWINES has sustained, and will continue to sustain substantial injury, loss, and damage.

61. Defendants' acts have caused and will continue to cause NYWINES irreparable harm and injury to its goodwill and reputation unless restrained by this Court. NYWINES may have no adequate remedy at law. Defendants should be restrained and enjoined pursuant to 15 U.S.C. §1116.

62.    As a direct and proximate result of the foregoing acts of Defendants, NYWINES has been damaged in an amount to be ascertained at the trial of the within suit.

### THIRD CLAIM FOR RELIEF
**(False Advertising)**
**(15 U.S.C. § 1125(a)(1)(B))**

63.    NYWINES restates and incorporates the Allegations of Paragraphs 1 through 62 of this Complaint as if fully set forth herein.

64.    Through the use of trademarks that are identical, or virtually identical to NYWINES' trademarks, Defendants are knowingly and intentionally misrepresenting the nature, characteristics, and qualities of its business, and intends to misrepresent the nature, characteristics, and qualities of its business, so as to create a likelihood of confusion by the public as to the nature, characteristics, and qualities of its business.

65.    Defendants conduct as alleged is deliberate and willful, is likely to cause confusion, will injure NYWINES' reputation unless enjoined, and constitutes a false advertising in violation of §43(a)(1)(B) of the Lanham Act, 15 U.S.C. §1125(a)(1)(B).

66.    Defendants' acts have caused and will continue to cause NYWINES irreparable harm and injury to its goodwill and reputation unless restrained by this Court. NYWINES may have no adequate remedy at law. Defendants should be restrained and enjoined pursuant to 15 U.S.C. §1116.

67.    As a direct and proximate result of the foregoing acts of Defendants, NYWINES has been damaged in an amount to be ascertained at the trial of the within suit.

### FOURTH CLAIM FOR RELIEF
**(Domain Name Infringement)**

**(15 U.S.C. § 1125(d)(1))**

68.     NYWINES restates and incorporates the Allegations of Paragraphs 1 through 67 of this Complaint as if fully set forth herein.

69.     NYWINES has built up valuable goodwill in its domain name NYWINES.COM.

70.     Defendants have in bad faith adopted, registered and used the domain name NYWINECO.COM.

71.     NYWINES' federal trademark registrations are distinctive at the time of the registration of Defendants' domain name NYWINECO.COM and is confusingly similar with NYWINES' trademarks.

72.     Defendants' adoption and use of the NYWINECO.COM domain name, which is virtually identical to NYWINES' domain NYWINES.COM, was done with the intent to divert consumers from NYWINES' online location for commercial gain to Defendants.

73.     The aforesaid acts of Defendants constitutes a domain name infringement in violation of 15 U.S.C. § 1125(d)(1).

74.     As a direct and proximate result of the foregoing acts of Defendants, NYWINES has been damaged and has suffered and will continue to suffer immediate and irreparable harm.

75.     Defendants should be ordered to transfer the domain name NYWINECO.COM to NYWINES.

## FIFTH CLAIM FOR RELIEF
### (Deceptive Trade Practices)
### (New York General Business Law §349)

76.     NYWINES restates and incorporates the Allegations of Paragraphs 1 through 75 of this Complaint as if fully set forth herein.

77.     The aforesaid acts of Defendants has deceived, misled and confused the general public and will continue to do so, and constitute deceptive trade practices in violation of the New York Deceptive Trace Practices Act, § 349 of the General Business Law.

78.     As a direct and proximate result of the foregoing acts, Defendants unlawfully and wrongfully have derived and will continue to derive, income, profits and ever-increasing goodwill from its activities, and NYWINES has been damaged and has suffered and will continue to suffer immediate and irreparable injury for which there may not be an adequate remedy at law.

79.     Because of Defendants activities, NYWINES has been damaged in an amount to be ascertained at the trial of the within suit.

## SIXTH CLAIM FOR RELIEF
### (New York Common Law)

80.     NYWINES restates and incorporates the Allegations of Paragraphs 1 through 79 of this Complaint as if fully set forth herein.

81.     The aforesaid acts of Defendants unauthorized use of NYWINES' trademarks, and indications of origin in connection with its competing business constitute unfair competition under the common law of the State of New York in that Defendants

have misappropriated, and unfairly competed with, NYWINES' commercial business and will continue to do so.

82.     As a direct and proximate result of the foregoing acts, Defendants unlawfully derived and will continue to derive income, profits and ever-increasing goodwill form its activities.

83.     NYWINES has been damaged and has suffered and will continue to suffer immediate and irreparable injury for which there may not be an adequate remedy at law.

84.     Because of Defendants activities, NYWINES has been damaged in an amount to be ascertained at the trial of the within suit.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff NYWINES prays as follows:

1.     That the Court issue a temporary and permanent injunction order restraining, enjoining, and prohibiting Defendants, their agents, servants, directors, employees, officers, attorneys, distributors, retailers, successors, and assigns, and all persons, firms, corporations and legal entities acting in concert with, or in conspiracy with, or affiliated with, or in participation with Defendants or on Defendants' behalf from:

a.     Using NYWINES's property, including without limitation NEW YORK WINE CO, NYWINECO.COM on or in connection with its business including in all advertisements, including but not limited to electronic, television, radio and print, promotional activities, by the Internet, on brochures, on signs, on banners, flyers, or any colorable imitation of NEW YORK WINE WAREHOUSE, NEW YORK WINE STORAGE COMPANY, NYWINES.COM,

in connection with the manufacturing, printing, distribution, advertising, offering for sale, or selling any products or services or other items not the products of NYWINES, or in any manner likely to cause others falsely to believe that Defendants' products and services are connected with NYWINES;

b.    Passing off, inducing, or enabling others to sell or pass off any products or services which are not authorized, licensed or sold by NYWINES;

c.    Committing any other acts calculated to cause purchasers to believe that Defendants' products and services are products and services offered or sold by NYWINES or its valid licensees;

d.    Shipping, delivering, distributing, transferring, returning, holding for sale, destroying, or otherwise moving, storing, or disposing of any products, advertisements, promotional materials, offers for sale, and documents, or other items bearing or used in connection with the unauthorized use of NEW YORK WINE CO, NYWINECO.COM by Defendants;

e.    Transferring, moving, returning, destroying or otherwise disposing of any equipment, apparatus, computer recorded media, business records or documents all relating or used in connection with the unauthorized use of NEW YORK WINE CO, NYWINECO.COM by Defendants;

2.    That the Court issue an order requiring Defendants, agents, or employees, to make all reasonable efforts to retrieve all infringing articles from the stream of commerce, including but not limited to advertising and marketing materials in the distribution channel, and deliver such materials to a place designated by the Court during the pendency of this action;

3.    That the Court issue an order requiring Defendants to stop all use of NEW YORK WINE CO, NYWINECO.COM by Defendants, take down all Internet websites featuring or advertising or otherwise using NEW YORK WINE CO, NYWINECO.COM, and to otherwise cease all advertising and promotional efforts of NEW YORK WINE CO, NYWINECO.COM by Defendants;

4.    That the Court issue an order requiring Defendants to change the name of their corporation as registered at the New York Secretary of State to a name that is not infringing with NYWINES' trademarks;

5.    That the Court issue an order requiring Defendants to transfer to NYWINES the domain name NYWINECO.COM;

6.    That the Court grant NYWINES an equitable accounting of Defendants' profits and award NYWINES its attorneys' fees and costs, plus its damages or Defendants' profits, whichever are greater, arising from Defendants' trademark infringement, false designation of origin, unfair competition, and false advertising, such damages or profits to be trebled pursuant to 15 U.S.C. §1117 and otherwise by reason for the willfulness of Defendants' acts;

7.    That NYWINES be awarded damages arising from Defendants' trademark infringement and unfair competition;

8.    That the Court award NYWINES its costs of suit and its attorney fees incurred herein; and

9.    That the Court grant such other and further relief as it deems just and proper.

PLAINTIFF, ARCO INDUSTRIES, INC., DEMANDS TRIAL BY JURY ON THOSE
ISSUES SO TRIABLE

Dated: February 27, 2008

Respectfully submitted:
GORDON E. R. TROY, PC

By: _____
    Gordon E. R. Troy (GT3737)
    3333 Lake Road
    PO Box 368
    Charlotte, VT  05445
    (802) 425-9060 Phone
    (802) 425-9061 Fax
    **gtroy@webtm.com** Email

*Attorney for Plaintiff,* ARCO INDUSTRIES,
INC.

GORDON E. R. TROY, PC
Gordon E. R. Troy (GT3737)
3333 Lake Road
PO Box 368-
Charlotte, VT  05445
(802) 425-9060 Phone
(802) 425-9061 Fax
**gtroy@webtm.com** Email

*Attorney for Plaintiff,* ARCO INDUSTRIES, INC.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ARCO INDUSTRIES, INC., | |
|       Plaintiff, | |
|           v. | Case No. 1:08-cv-01999-PKC |
| NEW YORK WINE CO. LLC, ROBERT ALLEN, and, DERRICK MIZE | |
|       Defendants | |

Exhibit 4





GORDON E. R. TROY, PC
Gordon E. R. Troy (GT3737)
3333 Lake Road
PO Box 368
Charlotte, VT  05445
(802) 425-9060 Phone
(802) 425-9061 Fax
**gtroy@webtm.com** Email

*Attorney for Plaintiff,* ARCO INDUSTRIES, INC.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ARCO INDUSTRIES, INC.,

      Plaintiff,

         v.

NEW YORK WINE CO. LLC,
ROBERT ALLEN, and,
DERRICK MIZE

      Defendants

Case No. 1:08-cv-01999-PKC

Exhibit 5



**NEW YORK WINE CO.**

MY ACCOUNT | EVENTS | ABOUT US | HOURS & DIRECTIONS | HELP | LOGIN

SHOPPING CART:
0 items

Questions? Call (212) 812-3999

Search [ ] GO  More ▽ | Browse By | PRODUCER | REGION | VARIETAL | **FEATURED WINES** | WINE CLUB | **GIFTS & GLASSWARE**



### Upcoming Event

David will lead us through some deep, lush, juicy, intense wines to keep us warm through the last weeks of winter. Accompanying the wines will be a selection of light appetizers. Apply $50 of your admission price toward a case purchase of wines sampled during the event on top of our regular 10% solid case discount.

**"Big Winter Reds with David Lynch"**
**Saturday, Feb. 16th, 2:00 p.m. $95 + tax**

## Featured Wines

### Regional Legends

Sensational new releases from Quintarelli, Fontodi and Billecart-Salmon. Explore the best in bubbles, Sangiovese and Valpolicella.





Fontodi 2004 Flaccianello
$107.00

Billecart Salmon NV Blanc de Blancs
$69.00

Quintarelli 1999 Valpolicella
$75.00

**View All Regional Legends >>**

## Staff Picks

Coste Petrai NV Prosecco Brut
$14.00

Billecart Salmon NV Brut
$48.00

Bavard 2005 Bourgogne Blanc
$20.00

Schaefer 2006 Riesling Classic Dry
$19.00

Once 2006 Pinot Noir
$25.00

Ca'Marcanda 2005 Magari
$58.00

**View All Staff Picks>>**

### Gift Sets & Glassware

From the most discerning wine aficionado to the casual merry-maker, the right bottle is an ideal gift. Check out our range of gift sets, as well as our selection of glassware.



**WINE CLUB**

No more wine slumps or bored palettes! Keep your wine rack interesting with New York Wine Co.'s Monthly Wine Clubs.

**SPOTLIGHT**

Take a more in-depth look at some of the wine world's big tastes, smooth finishes, curious traditions, and delightful innovations. This month, our thoughts on **champagne** bubble up...

HELP | ORDERS & SHIPPING | PRIVACY POLICY | TERMS OF SERVICE | SITE MAP

Sign up for special offers and news [Enter e-mail address] SUBMIT

© 2007 New York Wine Co. All Rights Reserved



MY ACCOUNT | EVENTS | ABOUT US | HOURS & DIRECTIONS | HELP | LOGIN

**NEW YORK WINE CO.**

SHOPPING CART:
0 items

Questions? Call (212) 812-3999

Search [_____] GO   More ▽ | Browse By | PRODUCER | REGION | VARIETAL | FEATURED WINES | WINE CLUB | GIFTS & GLASSWARE

## Featured Wines

### Regional Legends

Currently featured are three elite and highly collectible producers from three separate winegrowing regions: Champagne, Tuscany, and Veneto. While the wines are vastly different in flavor profile, the one aspect they have in common is their commitment to quality and truly representing their "terroir".







**Fontodi 2004 Flaccianello**
$107.00

**Billecart Salmon NV Blanc de Blancs**
$69.00

**Quintarelli 1999 Valpolicella**
$75.00

View All Regional Legends »

### New Arrivals

Recent additions to our selection include: a great drinking, elegant ten-year old $19 Bordeaux blend from Friuli, Italy; two wines from one of the world's most unique producers, Josko Gravner; and a baby brunello from Montalcino's hottest producer, Valdicava.







**Sant'Elena 1997 Ros di Rol**
$19.00

**Gravner 2001 Breg Anfora**
$95.00

**Valdicava 2005 Rosso di Montalcino**
$38.00

View All New Arrivals »

SPOTLIGHT



**Recommendations for Summer Sipping**

Dear New York Wine Co. Friends; As we sit on the cusp of summer, New York Wine Co. has been exploring some warm weather wine prospects. Each of the following six wines is not only an excellent and precise representation of its old world region, but also seems particularly fitting for a summer of new world social events and gatherings. Enjoy!

**Past Spotlights**

April 2007
Northern Rhône's Best Value: JL Chave St. Joseph 'Offerus'

March 2007
Smart buys from the southern Rhone

February 2007
The Mystique of Brunello

See archives »

HELP | ORDERS & SHIPPING | PRIVACY POLICY | TERMS OF SERVICE | SITE MAP

Sign up for special offers and news [Enter e-mail address] SUBMIT

© 2007 New York Wine Co. All Rights Reserved



NEW YORK WINE CO.

MY ACCOUNT | EVENTS | ABOUT US | HOURS & DIRECTIONS | HELP | LOGIN

Questions? Call (212) 812-3999

SHOPPING CART:
0  items

Search [_____] GO  More ▽ | Browse By | PRODUCER | REGION | VARIETAL | FEATURED WINES | WINE CLUB | GIFTS & GLASSWARE

## Events

### Public Events

We like to keep a full schedule of opportunities to enjoy wine with you. Mark your calendar for upcoming events!

**View Calendar of Events »**

#### UPCOMING EVENTS

**The Oenophilia Series**



If you crave a more focused, studied wine-tasting, join us the first Saturday of each month. The Oenophilia Series features more formal, sit-down events, which offer tasters both educational and exploratory experiences. In addition to spotlighting a specific sub-region, the Oenophilia tastings will also periodically involve some of the wine world's most interesting and innovative producers, experts, or sommeliers.
(Each Oenophilia Series Event is $75; however, this fee will be applied toward any case purchased during the event.)

**Free Tastings**



Want to check out what has piqued our interest each week? Stop by New York Wine Co. for our informal Saturday sampler. Join us Saturdays from 11am to 7pm, except the first Saturday of the month.

**The Art of Entertaining Series**



Learn new twists and age-old secrets of hosting a five-course meal and wine pairings. These interactive and intimate forums investigate a range of topics, all focusing on aspects of gratifying, yet flawless in-home entertaining.

### Private Events

Consider our elegant, versatile space as a backdrop for your next intimate gathering, educational event, or larger corporate function. For more information, contact Rob Allen, at (212) 812.3999 or rob@nywineco.com

#### TOUR OUR SPACE



**Launch slideshow »**

HELP | ORDERS & SHIPPING | PRIVACY POLICY | TERMS OF SERVICE | SITE MAP

Sign up for special offers and news [Enter e-mail address] SUBMIT

© 2007 New York Wine Co. All Rights Reserved



MY ACCOUNT | EVENTS | ABOUT US | HOURS & DIRECTIONS | HELP | LOGIN

**NEW YORK WINE CO.**

Questions? Call (212) 812-3999

SHOPPING CART:
0  items

Search [        ] GO  More ▽ | Browse By | PRODUCER | REGION | VARIETAL | FEATURED WINES | WINE CLUB | GIFTS & GLASSWARE

## About Us

Our Store »
Contact Us »
Hours & Directions »

### Our Store



New York Wine Co. has both a conspicuous passion for the classic wines of Europe and a loyalty to quality wines from the world's other notable regions. Our own personal curiosity about wine keeps New York Wine Co.'s selection frequently changing, and our devotion to a wine's characteristics of terroir focuses our selection on producers that create a sense of place. No matter if you're looking for everyday drinking wines, undiscovered specialties, or rare trophy vintages, New York Wine Co.'s warm, enthusiastic approach to wine will suit your tastes.

### Contact Us

If you have any questions, please do not hesitate to contact us.

Email: **cs@nywineco.com**
Telephone: (212) 812.3999
Fax: (212) 608.5526
Street Address:
21 Warren Street
New York, NY 10007

### Hours & Directions

Monday-Friday, 10:00am to 7:00pm
Saturday, 11:00am to 7:00pm.
We are closed on Sunday.

We are located in Tribeca, at 21 Warren Street, between Broadway and Church Street. The closest parking garage is Central Parking System, 75 Park Place(corner of West Broadway), 212-732-6637.

Subway options:
**R, W** to City Hall
**6** to City Hall
**A, C** to Chambers Street
**1, 2, 3** to Chambers Street



HELP | ORDERS & SHIPPING | PRIVACY POLICY | TERMS OF SERVICE | SITE MAP

Sign up for special offers and news [Enter e-mail address] [SUBMIT]

© 2007 New York Wine Co. All Rights Reserved

GORDON E. R. TROY, PC
Gordon E. R. Troy (GT3737)
3333 Lake Road
PO Box 368
Charlotte, VT  05445
(802) 425-9060 Phone
(802) 425-9061 Fax
**gtroy@webtm.com** Email

*Attorney for Plaintiff,* ARCO INDUSTRIES, INC.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ARCO INDUSTRIES, INC., | |
| Plaintiff, | |
| v. | Case No. 1:08-cv-01999-PKC |
| NEW YORK WINE CO. LLC, ROBERT ALLEN, and, DERRICK MIZE | |
| Defendants | |

Exhibit 6



**verizon**

**VERIZON YELLOW PAGES**

THE EMERGENCY CONTRACTOR

**FREE ESTIMATES**

**ANY TIME - DAY OR NIGHT**

RESPONSE IN 15 MINUTES OR LESS IF POSSIBLE

ABC. w/ license #419

**24 HOUR SERVICE / 7 DAYS A WEEK**

**(718) 643-0900**

Visit our website: www.alexfiglioliss.com

1-800-244-6800   Alt. Call 718-852-8700

420 Carroll St.

e-mail: 24hourservice@cleaninb.ab.com

OCTOBER 2007

NY 58958

222 Amsterdam Av @W 70th St ------- 212 877-8090
**8th Street Wine Cellar**
28 W 8 @Macdougal St ------------- 212 260-9463
**86th Corner Wine & Liquor Co**
536 Columbus Av @W 86th St ------- 212 496-1769

## ELI'S MANHATTAN WAREHOUSE INC
1411 3 Av @E 80th St -------------- **212 717-1999**
(See Our Display Ad Page 1305)
**ELIZABETH & VINE INC**
253 Elizbth @Prince St ------------- 212 941-7943
**Enos & Wunderlich** 1256 Lex --- 212 517-6554
**Fifty Fifth Street Liquor Store**
40 W 55 @Avenue Of The Americas 212 246-2323
**Fine Imports** 62 W 47 @5th Ave -- 212 398-8424
**FIRST AV WINE & SPIRITS SUPERMARKET**
383 1 Av @E 23rd St -------------- 212 673-3600
**Food & Wines From France Inc**
215 Park Av S @E 18th St --------- 212 253-7255
**Fulton Wines & Spirits**
110 Fulton @Dutch St ------------- 212 571-2480
**Garnet Wines & Liquors Inc**
929 Lex Av @E 68th St ------------ 212 772-3211
**Great Sunsan Wine Imports Ltd**
15 Pennsylvania Plz -------------- 212 714-2099
**Harlem Vintage** 2235 8 Av ------ 212 866-9463
**Harry's Liquors** 270 W 36 @8th Ave 212 244-5276
**Hong Liquor Store Inc**
2616 Bway @W 99th St ------------ 212 222-5770
**Hudson Wine & Spirits Inc**
165 Hudson @Hubert St ----------- 212 431-1010
**In Vino Veritas**
1375 1 Av @E 74th St ------------- 212 288-0100
**International Wines & Spirits**
2903 Broadway @W 113th St ------ 212 280-1850
**Is-Wine** 24 W 8 @Macdougal St -- 212 254-7800
**J L Wine & Liquors Inc**
60 E 34 @Madison Ave ----------- 212 686-8899
**Jay's Liquors** 1621 St Nicholas Av -- 212 781-1954
**K & D Liquors**
1366 Madison Av @E 95th St ------ 212 289-1818
**Kessler Liquors**
23 E 28 @Madison Ave ----------- 212 685-7651
**Kobrand Corporation**
134 E 40 @Lexington Ave --------- 212 490-9300
**Lexington Wine & Liquor**
2010 Lexington Av @E 122nd St --- 212 348-1313
**Madison Ave Liquors Inc**
244 Madison Av @E 38th St ------- 212 338-0004
**Madison Avenue Wine**
1793 Madison Av @E 118th St ----- 212 987-0099
**Manhattan Plaza Winery Inc**
589 9 Av @W 42nd St ------------- 212 695-8170
**Marks Wine & Spirits Ltd**
53 Mott @Bayard St -------------- 212 962-1801

## MISTER WRIGHT INC
*Fine Wine & Spirits*
1593 3 Av @89th St -------------- **212 722-4564**
**Moore Brothers Wine Co**
33 E 20 @Broadway -------------- 212 375-1575
**MORRELL AND COMPANY**
1 Rockefeller Plz @W 48th St ----- 212 688-9370
**Morrell Wine Store**
1 Rockefeller Ctr @W 48th St ----- 212 981-1106
**Murray Hill Wine & Spirits** 516 3 Av 212 532-2440
**N Y C Wine Company**
167 W 23 @7th Ave -------------- 212 647-1875
**New York Wine Company**
21 Warren @Church St ----------- 212 812-3999
**New York Wine Warehouse**
B-05 43 Av  L I C ------ NYC Tel No 212 956-2250
**Ninth Avenue Vintner Ltd**
669 9 Av @W 46th St ------------ 212 664-9463
**Normandie Wines**
1834 2 Av @E 95th St ------------ 212 876-1994
**Old Columbia Spirits & Wine**
2056 Broadway @W 71st St ------- 212 875-1200

100 Stanton @Ludlow St ---------- 212 388-0770
**79 St Wine And Spirits Corp**
230 W 79 @Amsterdam Ave ------- 212 724-1737
**67 Wine & Spirits Inc**
179 Columbus Av @W 68 --------- 212 724-6767
**Soho Wine & Spirits Ltd**
461 W Broadway @Prince St ------- 212 777-4332
**Stonehaven**
275 Madison Av @E 39th St ------- 212 922-0958

## SUSSEX WINE & SPIRITS
www.sussexwine.com

300 E 42 @2nd Ave -------------- **212 867-5838**
**T Edward Wines**
66 W Broadway @Murray St ------- 212 233-1504
**The Wine Angel**
115 W 30 @Avenue Of The Americas 212 273-0330
**The Wine Angel**
115 W 30 @Avenue Of The Americas 212 627-0330
**333 Wine Heaven**
333 3 Av @E 25th St ------------- 212 726-0033
**Tinto Fino** 85 1 Av @E 5th St ---- 212 254-0850
**Trader Joes Wine Shop**
138 E 14 @Irving Pl ------------- 212 529-6326
**Tribeca Wine Merchants Ltd**
40 Hudson @Duane St ----------- 212 393-1400
**Tribeca Wines**
327 Greenwich @Duane St ------- 212 965-0657
**Union Square Wine and Spirits**
140 4 Av @E 13th St ------------- 212 675-8100
**Uptown Wine Shop Inc**
1361 Lex Av @E 90th St ---------- 212 289-6900
**VIG** 27 119 E 27 @Lexington Ave -- 212 686-5500
**Village Wine & Spirits**
486 Avenue Americas @W 12th St -- 212 255-0539
**Vino** 143 E 27 @Park Ave S ------ 212 725-6058
**Vino** 118 E 28 @Lexington Ave --- 212 725-6516
**Vinovino**
211 W Broadway @Franklin St ----- 212 925-8510
**Vintage New York**
2492 Broadway @W 93rd St ------- 212 721-9999
**Vintage New York**
482 Broome @Wooster St --------- 212 226-9463

## WASHINGTON SQ WINE & LIQUOR STORE
545 La Guardia Pl @W 3 ---------- **212 477-4395**
**WINDSOR WINE SHOP**
474 3 Av @E 32nd St ------------- 212 779-4422
**Wine Shopper Com** 100 Park Av --- 212 880-2612
**Winebow Inc** 236 W 26 @7th Ave -- 212 255-9414
**Winesby Com** 23 Jones @W 4th St -- 212 242-5144
**World Wine & Spirits**
705 2 Av @E 38th St ------------- 646 227-0446
**Yarden Inc**
575 Madison Av @E 56th St ------- 212 605-0478
**York Wines & Spirits**
1291 1 Av @E 70th St ------------ 212 744-5656

**Wire Baskets**
See
**Baskets-Retail**

**Wire Brushes**
See
**Brushes**

**Wire Fence**
See
**Fence**

## WIRE FORMING & WORKING EQUIP.

American Cord & Webbing Co Inc

## WOMEN'S EXCHANGES

**Arleen Bowman Boutique**
353 Bleecker @W 10th St --------- 212 645-8740
**Capital Mercury Shirt Corp**
1372 Broadway @W 37th St ------- 212 764-2459
**Crabtree Ann**
1260 Madison Av @E 90th St ------ 212 996-6495
**Nanette Lepore Boutique LTD**
423 Broome @Crosby St ---------- 212 219-8265
**National Society Of Colonial Dames The**
215 E 71 @3rd Ave -------------- 212 744-3572
**Olive & Bette's Company Inc**
158 Spring @W Broadway --------- 646 613-8772
**Sylvia** 1407 Broadway @W 39th Ave 212 944-2391
22nd St Ine 231 W 39 @Fashion Ave 212 398-4205

**Women's Specialty Shops**
See
**Clothing & Accessories-Women**

**Wood**
See
**Firewood**

**Wood Burning & Coal Stoves**
See
**Fireplaces**
**Stoves-Wood, Coal, Gas, Pellet, Etc.**

**Wood Carvers' & Sculptors' Tools**
See
**Sculptors' Equip. & Supplies**

**Wood Dlrs.**
See
**Firewood**

**Wood Finishes**
See
**Paint-Retail**

**Wood Finishing-Automotive**
See
**Automobile Seat Covers, Tops & Upholstery**

## WOOD FINISHING SUPPLIES

**ABBOTT PAINT OUTLET INC**
214 40  Brooklyn --------------- 718 499-6379
**La Polla Painting & Wallcovering**
350 W 56 @8th Ave ------------- 212 489-3501

**Wood Flooring**
See
**Floor Laying, Refinishing & Resurfacing**
**Floors-Materials & Laying**
**Lumber**

**Wood Mouldings**
See
**Lumber**
**Moldings**

**Wood Recycling**
See

GORDON E. R. TROY, PC
Gordon E. R. Troy (GT3737)
3333 Lake Road
PO Box 368
Charlotte, VT  05445
(802) 425-9060 Phone
(802) 425-9061 Fax
**gtroy@webtm.com** Email

*Attorney for Plaintiff,* ARCO INDUSTRIES, INC.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ARCO INDUSTRIES, INC., | |
|        Plaintiff, | |
|          v. | Case No. 1:08-cv-01999-PKC |
| NEW YORK WINE CO. LLC, ROBERT ALLEN, and, DERRICK MIZE | |
|        Defendants | |

Exhibit 7

# CALLAN, KOSTER, BRADY & BRENNAN, LLP

COUNSELORS AND ATTORNEYS AT LAW

NEW YORK, NY    UNIONDALE, NY    SHREWSBURY, NJ    RIDGEWOOD, NJ

www.ckbblaw.com

Michael P. Kandler, Esq.
Partner

Mkandler@ckbblaw.com

ONE WHITEHALL STREET
NEW YORK, NY 10004
TEL: (212)248-8800
FAX: (212)248-6815

January 30, 2008

**Via E-Mail: *Gtroy@webtm.com***
**Fax: (802) 425-9061 and**
**Regular Mail**

Gordon E. R. Troy, P.C.
3333 Lake Road
P.O. Box 368
Charlotte, VT 05445

Re:   *Arco Industries/New York Wine Warehouse, et. al.*
Our File No.:   100.144460

Dear Mr. Troy:

As you know, my office has been retained to represent New York Wine Co., LLC with regard to the above-referenced matter.

I am writing this letter to respond to your letters dated October 11, 2007, your e-mail dated January 4, 2008 addressed to Mr. Gelfarb, and your January 17, 2008 e-mail.

For the reasons described below, we strongly disagree with, and are surprised by your claim that my client's use of its corporate name "New York Wine Co., LLC" somehow infringes the intellectual property rights of your client.

My client's use of the name New York Wine Co., LLC in no way constitutes infringement of your client's registered trademarks for the service mark "New York Wine Warehouse" or its service mark for "New York Wine Storage Company". My client's good faith use of the corporate name "New York Wine Co., LLC" which incorporates words which are generic, and at most descriptive, does not in any way constitute violations of the Lanham Act, 15 U.S.C. §1114(1) or 1125(a) and (d). Moreover, New York Wine Co.'s conduct does not constitute infringement under the New York General Business Law, or violate any other intellectual property rights claimed by your client.

We note that as part of your client's service mark registration for "New York Wine Warehouse", your client makes no claim to the exclusive right to use "Wine Warehouse" apart from the mark as shown. Similarly, your client's service mark for "New York Wine Storage Company" expressly provides that "no claim is made to the exclusive right to use 'Wine Storage Company', apart from the mark as shown".

Even though your client's service marks may be incontestable due to the passage of five years since their registration, in order to establish infringement, your client is required to establish the key element of likelihood of confusion. In this regard, it must be established "that numerous ordinary prudent purchasers are likely to be misled or confused as to the source of the product in question because of the entrance in the market place of defendant's mark". Gruner + Jahr USA Publishing v. Meredith Corp., 991 F.2d 1072, 1077 (2d Cir. 1993). For a finding of infringement, a probability of confusion, not a mere possibility, must be found to exist. Gruner + Jahr USA Publishing, supra at 1077, citing, McCarthy, Trademarks, §23:1[C] 23: 2[B].

As you know, the factors that are weighed in determining whether the likelihood of confusion standard has been met are (1) the strength of plaintiff's mark; (2) the similarity of plaintiff's and defendant's marks; (3) the competitive proximity of products; (4) the likelihood that plaintiff will "bridge the gap" and offer a product like defendant's; (5) actual confusion between products; (6) good faith on the defendant's part; (7) the quality of defendant's product; and (8) the sophistication of buyers. Gruner + Jahr USA Publishing, supra at 277, citing, Polaroid Corp. v. Polarad Elec. Corp., 287 F.2d 492 at 495.

While I will not engage in a discussion of all of the Polaroid factors, it is clear that in the matter at hand, the key element of "likelihood of confusion" is absent.

The first factor, the strength of the marks at issue, weighs heavily against any finding of likelihood of confusion. It is indisputable that your client's service marks are extremely weak. The strength of a mark depends on its distinctiveness, or its "origin indicating quality" in the eyes of the purchasing public. 24 Hour Fitness USA, Inc. v. 24/7 Tribeca Fitness, LLC, 277 F.supp.2d 356 (SDNY 2003). Under the test articulated in Abercrombie & Fitch Co. v. Hunting World, Inc., 357 F.2d 4, 9 (2d Cir. 1976), marks are classified, from weakest to strongest, as (1) generic; (2) descriptive; (3) suggestive; or (4) arbitrary and fanciful.

As noted above, your client's marks are extremely weak and would be classified as generic, or at most descriptive. Because of the weakness of your client's marks, they are entitled only to extremely narrow protection. See, Sports Authority, Inc. v. Prime Hospitality Corp., 89 F.3d 955, 961 (2d Cir. 1996); Kozak Auto Drywash, Inc. v. Enviro-Tech Int'l., Inc., 823 F.supp. 120, 123 (WDNY 1993) (stating that a mark's incontestability does not prevent [a] defendant from questioning the strength of the mark and the scope of protection).

The second factor, the degree of similarity between the marks, also shows that there is no likelihood of confusion. Obviously, our client's corporate name is dissimilar to your client's service marks. The use of the words "New York", which is merely a geographic

2

description of my client's location, and the generic term "Wine" are simply not entitled to protection.

My client has also acted in good faith in the use of the corporate name "New York Wine Co., LLC". There was no intention by my client to deceive customers into believing that its products or services were or are in any way related to those of your client.

It has been held that wine buyers are sophisticated purchasers. Banfi Products Corp. v. Kendall-Jackson Winery, Ltd., 74 F.supp.2d 188 (EDNY 1999). As such, this factor weighs strongly against any likelihood of confusion.

Additionally, extensive third-party use of the terms "New York" and "Wine" by businesses in the region will also weigh heavily against any finding of infringement. One example of such third-party use is the wine retail store one block from my office called the "New York Wine Exchange". Other examples, among many others, are the "New York

## CONCLUSION

Based upon the foregoing, it is our position that our client has not infringed any of your client's intellectual property rights. Our client has not violated any of the Lanham Act Sections that you have cited. Our client has not violated any provision of the New York State General Business Law or any common law rights held by your client.

Accordingly, we respectfully reject your cease and desist letters, and all of the demands contained therein. We will consider this matter now closed. However, if you would like to discuss this matter further, please do not hesitate to contact me.

Additionally, you have alleged in conclusory fashion that your client has evidence of actual confusion. While my client rejects your client's claim that there have been instances of actual confusion, I will review any purported evidence that you may have regarding alleged instances of actual confusion.

This letter is without prejudice to all rights and remedies, all of which are expressly reserved.

Very truly yours,

Michael P. Kandler

MPK/hr

3