UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------x
ARCO INDUSTRIES, INC.,

                    Plaintiff,

-against-

NEW YORK WINE CO., LLC, ROBERT ALLEN
and DERRICK MIZE,

                    Defendants.
----------------------------------------------------------x

1:08-cv-01999 PKC

**ANSWER**

Defendants, New York Wine Co., LLC, Robert Allen and Derrick Mize, as and for their answer to the complaint of the plaintiff, state as follows:

## NATURE OF ACTION AND RELIEF SOUGHT:

1. Deny the allegations contained in paragraphs "1", "2" and "4".

2. Deny the allegations contained in paragraph "3", except admit that defendants have never sought nor obtained any licenses from plaintiff, assert that no licenses are required, and that New York Wine Co. uses its corporate name and uses its websites in the course of its business, which includes the advertising and promotion of its goods and services.

3. As and for a response to the allegations in paragraph numbered "5", the defendants deny and refer all questions of law to the trial court.

## PARTIES AND BACKGROUND

4. Deny knowledge or information sufficient to form a belief as to the allegations contained in paragraphs "6", "7", "8", "9", "10" and "11".

5. Admit the allegations contained in paragraphs "12", "13", "14", "15", "16" and "17".

## JURISDICTION AND VENUE

6. Deny the allegations contained in paragraphs "18" and "21".

7. As and for a response to the allegations in paragraphs numbered "19", "20" and "22" the defendants deny and refer all questions of law to the trial court.

**FACTS APPLICABLE TO ALL CLAIMS**
**PLAINTIFF NYWINES BACKGROUND**

8. Deny Knowledge or information sufficient to form a belief as to the allegations contained in paragraphs "23", "24", "25", "26a", "26b", "27", "28", "29", "30" and "31".

**DEFENDANT NEW YORK WINE CO., LLC BACKGROUND**

9. Admit the allegations contained in paragraph "32".

10. Deny the allegations contained in paragraph "33", except admit that defendants acquired the domain name NYWINE.com, that New York Wine Co. is using the site to promote its business, and that New York Wine Co. has a "Collector's Club" which costs $360.00 to join.

11. Deny knowledge or information sufficient to form a belief as to the allegations contained in paragraphs "34" and "42".

12. Deny the allegation contained in paragraph "35", except admit that New York Wine Co. Uses its corporate name and its website in the course of its business, including promotion and advertising.

13. Deny the allegations contained in paragraph "37", except admit that New York Wine Co.'s domain name is NYWINECO.com and deny knowledge or information sufficient to form a belief regarding plaintiff's domain name.

14. Deny the allegations contained in paragraph "38", except admit that Robert Allen is a 1999 graduate of the Culinary Institute of America, and deny knowledge or information sufficient to form a belief as to whether plaintiff has been an active member of the corporation and fellow of the Culinary Institute of America since 1992.

15. Deny the allegations contained in paragraph "41", except admit that the quoted statement is contained on New York Wine Co.'s website.

16. Deny the allegations contained in paragraph "43", except admit that the letter dated January 30, 2008 annexed to the complaint as Exhibit "7" was sent by defendants' current counsel in response to plaintiff's counsel's correspondence, that the January 30,

2008 letter denied all of plaintiffs' allegations of infringement of plaintiffs' intellectual property rights and other wrongful conduct and refers to the January 30, 2008 letter for all contents therein.

17.  Deny the allegations in paragraph "46" except admit that defendants have never sought or obtained any licenses from plaintiff and assert that no licenses are legally required.

18.  Deny the allegations contained in paragraphs "36", "39", "40", "44", "45" and "47".

### FIRST CLAIM FOR RELIEF
### (Federal Trademark Infringement)
### (15 U.S.C. §1114)

19.  Answering the subdivision thereof numbered "48", repeat and reiterate each and every denial or admission hereinbefore made with the same force and effect as if again set forth at length herein.

20.  Deny the allegations contained in paragraph "49", except deny knowledge or information sufficient to form a belief as to whether NYWINES is the owner of the Federal Trademark Registration identified in paragraph "26" and the domain name NYWINES.com identified in paragraph "25".

21.  Deny the allegations contained in paragraphs "50", "51", "52", "53" and "54".

### SECOND CLAIM FOR RELIEF
### (Unfair Competition and False Designation of Origin)
### (15 U.S.C. §1125(a)(1)(A))

22.  Answering the subdivision thereof numbered "55", repeat and reiterate each and every denial or admission hereinbefore made with the same force and effect as if again set forth at length herein.

23.  Deny the allegations contained in paragraphs "56", "57", "58", "59". "60", "61" and "62".

### THIRD CLAIM FOR RELIEF
### (False Advertising)
### (15 U.S.C. §1125(a)(1)B))

24. Answering the subdivision thereof numbered "63", repeat and reiterate each and every denial or admission hereinbefore made with the same force and effect as if again set forth at length herein.

25. Deny the allegations contained in paragraphs "64", "65", "66" and "67".

### FOURTH CLAIM FOR RELIEF
### (Domain Name Infringement)
### (15 U.S.C. §1125(d)(1))

26. Answering the subdivision thereof numbered "68", repeat and reiterate each and every denial or admission hereinbefore made with the same force and effect as if again set forth at length herein.

27. Deny Knowledge or information sufficient to form a belief as to the allegations contained in paragraph "69".

28. Deny the allegations contained in paragraphs "70", "71", "72", "73". "74" and "75".

### FIFTH CLAIM FOR RELIEF
### (Deceptive Trade Practices)
### (New York General Business Law §349)

29. Answering the subdivision thereof numbered "76", repeat and reiterate each and every denial or admission hereinbefore made with the same force and effect as if again set forth at length herein.

30. Deny the allegations contained in paragraphs "77", "78" and "79".

### SIXTH CLAIM FOR RELIEF
### (New York Common Law)

31. Answering the subdivision thereof numbered "80", repeat and reiterate each and every denial or admission hereinbefore made with the same force and effect as if again set forth at length herein.

32. Deny the allegations contained in paragraphs "81", "82", "83" and "84".

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE:

33. There is no likelihood of confusion between the plaintiff's registered service marks and/or other alleged intellectual property and the defendants' corporate name goods, services advertising, promotion or sales.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE:

34. The plaintiff's service marks and other alleged intellectual property lack secondary meaning.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE:

35. The defendants have not used any of the plaintiff's alleged marks in conjunction with the manufacture, sale, or offer for sale of any goods or services, or otherwise in the promotion of their business.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE:

36. The doctrines of estoppel and laches bar the plaintiff's claims.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE:

37. Affording plaintiff protection based on the allegations in the complaint would prevent fair competition and would violate Antitrust laws.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE:

38. The words "New York" and "Wine" used by defendants in their corporate name and in the course of their business are in common use by third-parties unrelated to the answering defendants.

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE:

39. While the answering defendants deny infringement or any other actionable conduct, any infringement or other actionable conduct would be innocent and without intent or bad faith.

### AS AND FOR A EIGHTH AFFIRMATIVE DEFENSE:

40. Plaintiff's alleged service marks have passed to the public through popular usage.

### AS AND FOR A NINTH AFFIRMATIVE DEFENSE:

41. The plaintiff's service marks are merely generic or descriptive and are weak and any protection that plaintiff's marks would be entitled to would be extremely narrow.

### AS AND FOR A TENTH AFFIRMATIVE DEFENSE:

42. Defendants' domain name is not identical or confusingly similar to plaintiff's domain name.

### AS AND FOR A ELEVENTH AFFIRMATIVE DEFENSE:

43. Plaintiff has no cause of action under the ACPA because plaintiff's marks are not entitled to protection and are not distinctive, or famous.

### AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE:

44. Defendants' conduct in the use of its corporate name and domain name have never been in bad faith.

### AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE:

45. The alleged marks that are the subject of the complaint are in common use and are public property.

### AS AND FOR A FOURTEENTH AFFIRMATIVE DEFENSE:

46. Lack of notice of registration of plaintiff's marks.

### AS AND FOR A FIFTEENTH AFFIRMATIVE DEFENSE:

47. Use of the accused words by defendants was descriptive of and used fairly and in food faith to describe to users, the goods and services of defendants and their geographic origin.

### AS AND FOR A SIXTEENTH AFFIRMATIVE DEFENSE:

48. The complaint fails to state a proper cause of action against the defendants.

### AS AND FOR A SEVENTEENTH AFFIRMATIVE DEFENSE:

49.   Defendants have not misrepresented an inherent quality or characteristic of its or plaintiff's goods, services or commercial activities.

### AS AND FOR AN EIGHTEENTH AFFIRMATIVE DEFENSE:

50.   Defendants' advertisements are not literally or otherwise false.

### AS AND FOR A NINETEENTH AFFIRMATIVE DEFENSE:

51.   Defendants' advertising is not likely to deceive or confuse consumers.

### AS AND FOR A TWENTIETH AFFIRMATIVE DEFENSE:

52.   Defendants have not engaged in any conduct that is materially deceptive or misleading.

### AS AND FOR A TWENTY-FIRST AFFIRMATIVE DEFENSE:

53.   None of defendants' activities have caused consumer injury or harm to the public interest.

### AS AND FOR A TWENTY-SECOND AFFIRMATIVE DEFENSE:

54.   Defendants never intended to divert consumers from plaintiff's web site for commercial gain.

### AS AND FOR A TWENTY-THIRD AFFIRMATIVE DEFENSE:

55.   Defendants' geographic location and customer base differ from plaintiff's geographic location and customer base.

### JURY DEMAND:

56.   Defendants demand a trial by jury.

**WHEREFORE,** the defendants, NEW YORK WINE CO., LLC, ROBERT ALLEN and DERRICK MIZE, demand judgment dismissing the complaint against them, together with costs and disbursements of this action and attorney fees.

Dated:  New York, New York
April 2, 2008

Yours, etc.

CALLAN, KOSTER, BRADY & BRENNAN, LLP

By: _____
MICHAEL P. KANDLER (MPK 8683)
Attorneys for Defendants
NEW YORK WINE CO., LLC, ROBERT ALLEN and DERRICK MIZE
One Whitehall Street, 10th Flor
New York, New York  10004
(212) 248-8800
OUR FILE NO.: 100.144460

TO:  Gordon E. R. Troy, PC
Attorney for Plaintiff
ARCO INDUSTRIES, INC.
333 Lake Road
P.O. Box 368
Charlotte, VT 05445
(802) 425-9060

## AFFIDAVIT OF SERVICE

STATE OF NEW YORK  )
                                      )  SS.:
COUNTY OF NEW YORK )

HOLLY RENSON, being duly sworn, deposes and says:

I am not a party to the action, I am over 18 years of age and I reside in Staten Island, New York.

On April 2, 2008, I served a true copy of the annexed **ANSWER and RULE 7.1 STATEMENT** via electronic filing and by mailing same in a sealed envelope with postage prepaid in an official depository of the U.S. Postal Service within the State of New York addressed to:

Gordon E. R. Troy, PC
Attorney for Plaintiff
ARCO INDUSTRIES, INC.
333 Lake Road
P.O. Box 368
Charlotte, VT 05445

_____
Holly Renson

Sworn to before me this
2nd day of April, 2008

_____
NOTARY PUBLIC

ANITA ARROYO
Notary Public, State of New York
No. 01AR6090727
Qualified in Kings County
Commission Expires April 21, 20__

CALLAN, KOSTER, BRADY & BRENNAN, LLP

Index No. 1:08-cv-01999-PKC   Year 20

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ARCO INDUSTRIES, INC.,

                                    Plaintiff,

- against -

NEW YORK WINE CO., LLC, ROBERT ALLEN and DERRICK MIZE,

                                    Defendants.

## RULE 7.1 STATEMENT and ANSWER

CALLAN, KOSTER, BRADY & BRENNAN, LLP
*Attorneys for* DEFENDANTS

ONE WHITEHALL STREET
NEW YORK, NEW YORK 10004
212-248-8800

*Pursuant to 22 NYCRR 130-1.1, the undersigned, an attorney admitted to practice in the courts of New York State, certifies that, upon information and belief and reasonable inquiry, the contentions contained in the annexed document are not frivolous.*

Dated:............................................   Signature..............................................................................................

                                                Print Signer's Name...............................................................................

*Service of a copy of the within*                                                                     *is hereby admitted.*

Dated:

                                                                       ...............................................................................................
                                                                       *Attorney(s) for*

*PLEASE TAKE NOTICE*

☐ **NOTICE OF ENTRY**
that the within is a (certified) true copy of a
entered in the office of the clerk of the within named Court on        20

☐ **NOTICE OF SETTLEMENT**
that an Order of which the within is a true copy will be presented for settlement to the Hon.        one of the judges of the within named Court,
at
on        20     , at        M.

*Check Applicable Box*

Dated:

                                                                                    CALLAN, KOSTER, BRADY & BRENNAN, LLP
                                                                                              *Attorneys for*