GORDON E. R. TROY, PC
Gordon E. R. Troy (GT3737)
3333 Lake Road
PO Box 368
Charlotte, VT  05445
(802) 425-9060 Phone
(802) 425-9061 Fax
**gtroy@webtm.com** Email

*Attorney for Plaintiff,* ARCO INDUSTRIES, INC.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

ARCO INDUSTRIES, INC.,

      Plaintiff,

        v.

NEW YORK WINE CO. LLC,
ROBERT ALLEN, and,
DERRICK MIZE

      Defendants

Case No. 1:08-cv-01999-PKC

---

### MOTION TO AMENDED COMPLAINT FOR INJUNCTIVE RELIEF

Plaintiff ARCO INDUSTRIES, INC. d/b/a New York Wine Warehouse, New York Wine Storage Company and NYWINES (hereinafter "NYWINES") hereby makes the within motion to amend its complaints against Defendants NEW YORK WINE CO. LLC, ROBERT ALLEN, and DERRICK MIZE (collectively hereinafter referred to as "Defendants").

The annexed Amended Complaint for Injunctive Relief ("Amended Complaint") is in all material respects the same as the original complaint filed in the within action *except* that Plaintiff in the within Amended Complaint has withdrawn all claims for

damages, costs of suit, and attorney fees, and only seeks injunctive relief. Furthermore, Plaintiff withdraws its demand for trial by jury as there are no remaining issues so triable.

The timing for filing of this Amended Complaint is proper, does not cause any prejudice to Defendnats, and should therefore be granted. We are in the early stages of the within lawsuit. The Scheduling Order of April 25, 2008, provided for amended pleadings to be filed within thirty (30) days of the date of the order (i.e. May 25, 2008). Counsel for the parties have agreed to extend that date through June 20, 2008 as the parties have engaged in settlement discussions, and have not commenced substantive formal discovery.

Pursuant to Federal Rules of Civil Procedure Rule 15(a), "a party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires." FRCP 15(a). There is no prejudice that can be complained of by Defendants in the present instance. The Parties have not begun formal discovery. The within amendment raises no new claims nor does it add any new parties to the litigation. The Amended Complaint uses the exact same exhibits as filed with the original complaint, and they are similarly referenced in the Amended Complaint. The Amended Complaint limits Plaintiff's prayers for relief exclusively to injunctive relief. Accordingly, Plaintiff respectfully requests that the within motion to amend its complaint be granted.

Dated: June 9, 2008

Respectfully submitted:
GORDON E. R. TROY, PC

By: _____
    Gordon E. R. Troy (GT3737)
    3333 Lake Road
    PO Box 368
    Charlotte, VT  05445
    (802) 425-9060 Phone
    (802) 425-9061 Fax
    **gtroy@webtm.com** Email

*Attorney for Plaintiff,* ARCO INDUSTRIES, INC.

GORDON E. R. TROY, PC
Gordon E. R. Troy (GT3737)
3333 Lake Road
PO Box 368
Charlotte, VT  05445
(802) 425-9060 Phone
(802) 425-9061 Fax
**gtroy@webtm.com** Email

*Attorney for Plaintiff,* ARCO INDUSTRIES, INC.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ARCO INDUSTRIES, INC., <br><br> Plaintiff, <br><br> v. <br><br> NEW YORK WINE CO. LLC, <br> ROBERT ALLEN, and, <br> DERRICK MIZE <br><br> Defendants | Case No. 1:08-cv-01999-PKC |

## AMENDED COMPLAINT FOR INJUNCTIVE RELIEF

Plaintiff ARCO INDUSTRIES, INC. d/b/a New York Wine Warehouse, New York Wine Storage Company and NYWINES (hereinafter "NYWINES") for their complaints against Defendants NEW YORK WINE CO. LLC, ROBERT ALLEN, and DERRICK MIZE (collectively hereinafter referred to as "Defendants" and as more fully identified below) states and alleges as follows:

### NATURE OF ACTION AND RELIEF SOUGHT

1.      This action arises out of Defendants' willful and blatant violation of NYWINES' intellectual property rights, and specifically in violation of the Lanham Act,

and New York State law. Defendants, who for reasons set forth herein, should have been fully aware of NYWINES' rights in its trademarks, assumed name, and wide spread use of its names, did unlawfully adopt a confusingly similar name for their wine shop, to the detriment of NYWINES.

      2.    Defendants are infringing NYWINES' valuable trademarks and domain name. They are causing confusion, tarnishing, denigrating, and diluting the distinctive quality of the NEW YORK WINE WAREHOUSE and NEW YORK WINE STORAGE COMPANY brands, and further causing confusion by adopting and using a domain name that is virtually identical to NYWINES – NYWINES.COM v. NYWINECO.COM. These acts are misleading the public and diminishes the valuable good will painstakingly developed by NYWINES and represented by the NEW YORK WINE WAREHOUSE, NEW YORK WINE STORAGE COMPANY and NYWINES brands.

      3.    NYWINES has not granted Defendants a license to use its well-known trademark. Despite having full notice of NYWINES' established rights in the NEW YORK WINE WAREHOUSE and NEW YORK WINE STORAGE COMPANY marks by virtue of the Federal incontestable trademark registrations, along with its well and long established domain name NYWINES.COM, Defendants are using NEW YORK WINE CO and NYWINECO.COM in the name of its business, on its website, in advertising and promotional materials directed at the same consumers, class of consumers, in the same geographic area as NYWINES. As more fully set forth herein, the consuming public is immediately associating Defendant's use of NEW YORK WINE CO and NYWINECO.COM with that of NYWINES.

4.      Defendants have engaged in dilatory tactics since October 12, 2007 when Defendants received a cease and desist letter from NYWINES placing them on notice of their violation of NYWINES' rights. Finally, on January 30, 2008, three and a half months after receipt of the NYWINES' complaint, and after making all conceivable efforts to avoid NYWINES' claims, counsel for Defendants rebuffed NYWINES' complaint and request for immediate cessation of all confusingly similar marks. The essence of Defendants justification for ignoring NYWINES' complaint is that despite NYWINES' prior use, and registration of its marks, Defendants are free to copy and imitate the marks without infringing the intellectual property rights of NYWINES. The position taken by Defendants is entirely inconsistent with the specific provisions of the Lanham Act, and the well established principals of trademark law.

5.      This is an action for trademark infringement, unfair competition, false designation of origin, false advertising and misappropriation of a domain name, arising under the Trademark Act of 1946, 15 U.S.C. §§1051, *et. seq.*, as amended (the "Lanham Act") and for deceptive trade practices under the laws of the State of New York (GBL §349) and unfair competition under the common law of New York.

6.      As and for each of the acts complained of herein, Plaintiff seeks to enjoin such unlawful acts and practices. Plaintiff does not seek monetary damages, costs or attorneys fees from Defendants for the acts complained of herein.

## PARTIES AND BACKGROUND

7.      NYWINES is a corporation organized and existing under the laws of the State of New York, having its principal place of business in Long Island City, Queens, New York.

8.      Liquor license L-03710 was granted to NYWINES, effective January 23, 1992. The exact name of the license holder is listed on the license as Arco Industries, Inc. d/b/a N Y Wine Warehouse.

9.      NYWINES is and has been in the wine business since the grant of its license. It owns and operates a retail wine and liquor shop, a wine storage company, an interactive website at NYWINES.COM and is actively engaged in the wine auction business through its relationship with Christies, Inc.

10.      NYWINES is very well known in the wine industry inside and outside of this district because of its specialization in fine and rare wines. It has developed a worldwide reputation where people specifically know to come to NYWINES when they are seeking specialty and rare wines. As a fully licensed wine and spirits retail store, NYWINES also carries a full line of products accommodating the variegated needs of its customers.

11.      NYWINES owns incontestable trademark registrations for its trademarks NEW YORK WINE WAREHOUSE and NEW YORK WINE STORAGE COMPANY, Registration Nos. 2392991 and 2395149, respectively and attached as Exhibits 1 and 2 to the original complaint[1].

12.      NYWINES first registered the domain name NYWINES.COM on August 7, 1995, and has actively used NYWINES.COM since December 1995.

13.      On or about February 24, 2006, Defendants formed the legal entity NEW YORK WINE CO., LLC in the State of New York.

---

[1] Plaintiff's Exhibits referenced in this Amended Complaint are the same as filed with the original Complaint and are therefore not resubmitted herewith.

14.     On or about March 1, 2006, Robert Allen registered the domain name NYWINECO.COM in his own name.

15.     Upon information and belief, Defendants have their principal place of business in Manhattan, New York City.

16.     Upon information and belief, nearly a year after creating a legal entity, and obtaining the domain name, Defendants opened its store in New York City.

17.     Upon information and belief, defendant Robert Allen is an owner and principal of NEW YORK WINE CO. LLC.

18.     Upon information and belief, defendant Derrick Mize is an owner and principal of NEW YORK WINE CO. LLC.

## JURISDICTION AND VENUE

19.     Upon information and belief, the acts complained of herein, were carried out by each of the Defendants within this judicial district.

20.     This Court has subject matter jurisdiction over the claims alleged under the Lanham Act pursuant to 15 U.S.C. §1121, 28 U.S.C. §§ 1331, 1338(a), 1338(b) and the principles of pendant jurisdiction.

21.     This Court has personal jurisdiction over Defendants in that Defendants do business in this district, its principal business establishment is located in this district, and operate a website accessible in this district, and engage in the promotional activities alleged herein throughout this district in violation of the Lanham Act.

22.     This court has personal jurisdiction over each of the Defendants pursuant to C.P.L.R. §§ 302(a) et. seq. because Defendants have committed tortious acts both within and without the State of New York, is causing injury to plaintiff NYWINES

within the State of New York, and Defendants are regularly conducting and soliciting business within the State of New York.

23.     Venue is proper in this district by virtue of 28 U.S.C. § 1391(b).

## FACTS APPLICABLE TO ALL CLAIMS
## PLAINTIFF NYWINES BACKGROUND

24.     Mr. Geoffrey M. B. Troy is a principal of NYWINES and has been in the wine and spirits business for approximately twenty years. Prior to engaging in the wine business he, along with others, developed and published a widely distributed newsletter, The Underground Wine Letter, a critical periodical about rare wines. More than ten thousand (10,000) copies of this newsletter was distributed throughout the United States, and outside the United States for a period of twenty (20) years. Furthermore, he was actively involved in various wine and food societies, including "The Confrérie des Chevaliers du Tastevin," "The New York Wine and Food Society", "The Commanderie de Bordeaux" and "Vingt Six". He regularly traveled to California and Europe, and was often invited by vintners to sample and comment upon wines in their early stages of development. It was through these affiliations, and his inestimable evaluation of wines that he developed a nationwide if not international recognition within the fine wine industry.

25.     In 1991 Mr. Troy decided to open his own wine store which was opened in 1992 and was met with immediate success. It was acclaimed by many industry publications at the time and since. Noting that many people who desired to collect fine wine did not have the cellaring capabilities in their homes and apartments, he developed a unique business model of selling wines through the NEW YORK WINE WAREHOUSE, a New York State licensed wine and liquor store, and then also providing storage for its

customers of their purchases through the NEW YORK WINE STORAGE COMPANY. From its early days, it took on rapidly and required the business to expand its facilities ultimately taking over all available space, both at ground level and underground in order to keep up with the increasing demand of its business. Currently NYWINES rents a total of fifteen thousand seven hundred and forty two (15,742) square feet for its business, much of it racked for maximum cubic foot usage. This is a remarkable accomplishment for such an enterprise located in a metropolitan area, let alone the New York metropolitan market.

26.     On August 7, 1995, NYWINES acquired the domain name NYWINES.COM as it was working on creating a website for its business. The initial website was mostly an informational site providing information about the NEW YORK WINE WAREHOUSE and the products it sells. Over the years, as has the Internet, the NYWINES.COM website has developed into a robust and widely visited website by customers and potential customers. Moreover, NYWINES' product catalog is listed in the well known and widely used search engine *wine-searcher.com* utilized by many wine retailers throughout the country to sell their products and for wine collectors and customers to acquire wines over the internet.

27.     NYWINES is the owner of the entire right, title and interest in and to the following federal trademarks:

a.     United States Registration No. 2392991 for NEW YORK WINE WAREHOUSE issued on October 10, 2000 for: Retail store services, mail order catalog services, and computerized on-line ordering services all in the field of wine, in International Class 35. A copy of the Certificate of Registration No. 2392991 is

attached as Exhibit 1 to the original complaint. On December 26, 2006, the Trademark Office accepted the combined Section 8 and 15 affidavits and therefore accorded Registration No. 2392991 incontestable status as provided under Section 15 of the Lanham Act. 15 U.S.C. § 1065.

        b.       United States Registration No. 2395149 for NEW YORK WINE STORAGE COMPANY issued on October 17, 2000 for: Warehousing services, in International Class 39. The Certificate of Registration No. 2395149 is attached as Exhibit 2 to the original complaint. On December 26, 2006, the Trademark Office accepted the combined Section 8 and 15 affidavits and therefore accorded Registration No. 2395149 incontestable status as provided under Section 15 of the Lanham Act. 15 U.S.C. § 1065.

28.      NYWINES registered the assumed name of NYWINES on January 23, 2007 with the New York Secretary of State.

29.      NYWINES also has a significant alliance relationship with Christies, the internationally acclaimed auction company with offices around the world. Through this relationship. NYWINES has worked with Christies since January 2002 and together they have worked on Fifty-seven (57) auctions selling more than Ninety Million $90,000,000.00 (dollars) of wine. In connection with each such auction, both physical catalogs are distributed as well as the catalog being completely available online. At present, approximately eleven-hundred twenty auction catalogs are distributed for each auction, and that number was previously larger than it is today. Approximately three quarters of the catalogs are distributed within the United States and of that more than a quarter are distributed within New York state. Each such auction catalog prominently

shows NYWINESCHRISTIES on the cover, and includes numerous references to NYWINES as the entity handling the legal licensed logistics of the wine auction. Attached to the original complaint, as Exhibit 3, is a sample of relevant pages from one such printed catalog as well as sample pages from an online catalog.

30.     The wine industry popularized this relationship in many different forums and media. For example, the *wineinvestor.com* stated in early 2002: "Christies is the global auction juggernaut covering the world from New York to Hong Kong. ... In 2002 they switched to the boutique New York Wine Warehouse, creating the enterprise NYWinesChristies, which is how all of the auctions are labeled. They also hold auctions in Los Angeles broadening their US footprint." *Decanter.com* said on January 3, 2002 "Christie's in New York has chose as its new associate a purveyor of blue-chip and boutique wines based in Long Island City, just across the East River from Manhattan. The new associate is the New York Wine Warehouse, whose president, Geoffrey Troy, is well known among collectors of fine and rare wines ... The new arrangement will be known as NYWinesChristies, the auction house's North American Wine Department said today. Richard Brierley, head of the department, called the New York Wine Warehouse 'a well-respected player in the North American Wine Market.'" Heralding the success of this relationship, the New York Times said: "[t]he inaugural auction under the NYWinesChristie's rubric in Manhattan was a clear success, with 97% of 646 lots sold for $2,291,432 ... on 8 March."

31.     NYWINES has been listed each year since 2005 in the annual ZAGAT New York City Gourmet Shopping & Entertaining guide and in the 2008 edition it states: "[A]n 'extraordinary secret resource' that will 'sell, deal, auction, store, catalog and

deliver' wines for knowledgeable oenophiles; its 10,000 labels (including a deep selection of Burgundies) make it a favorite of collectors …".

32.     Additionally, over the years NYWINES has been quoted, mentioned or otherwise discussed in leading publications, including: The New York Times, Newsday, The Sun, Bloomberg as well as industry publications including Decanter and the Wine Spectator. Suffice it to say, within the wine industry, and certainly the wine industry in the New York metropolitan area, NYWINES is well known, highly regarded, and well established and clearly recognized by the industry and consumers.

### DEFENDANT NEW YORK WINE CO., LLC BACKGROUND

33.     As stated above, Defendants formed the legal entity NEW YORK WINE CO., LLC in the State of New York. Defendants named their store NEW YORK WINE CO as shown in the photographs in Exhibit 4 attached to the original complaint consisting of their store located at 21 Warren Street, New York City. The photographs show the front of Defendant's store and their prominent use of NEW YORK WINE CO.

34.     As stated above, Defendants acquired the domain name NYWINECO.COM and are actively using it to promote their business. Attached to the original complaint as Exhibit 5 are several pages from Defendant's website clearly demonstrating that they are using NEW YORK WINE CO and the domain name NYWINECO.COM to actively market and promote their wine store. Moreover, it is patently clear from the third page of Exhibit 5, that Defendants are targeting their business at the very same consumers who collect rare wines as does NYWINES by having a "Collector's Club" which costs three hundred sixty ($360.00) dollars to be a

member of. There is no doubt that Defendants' targeted customers are the same as those of NYWINES.

35.     Attached to the original complaint as Exhibit 6 is a copy of the October 2007 New York Yellow Pages telephone directory showing that the NEW YORK WINE CO is listed immediately prior to NEW YORK WINE WAREHOUSE. Upon information and belief, in each edition of the New York Yellow Pages telephone directories from 1992 through the edition shown in Exhibit 6, New York Wine Warehouse was the only company listed beginning with New York Wine.

36.     As can be readily seen from the foregoing exhibits Defendants are using NEW YORK WINE CO and NYWINECO.COM extensively in their advertising and promotional efforts.

37.     Each of NYWINES' trademark registrations, NEW YORK WINE WAREHOUSE, and NEW YORK WINE STORAGE COMPANY, are at issue here and are incorporated within Defendants' use of NEW YORK WINE CO.

38.     NYWINES's domain name is NYWINES.COM while Defendants domain name is NYWINECO.COM. Defendants have dropped the letter "S" and added "CO" in its place. This is an insubstantial difference between the two domain names particularly since "CO" is the well known and commonly used abbreviation for "Company".

39.     Defendant Robert Allen is a 1999 graduate of the Culinary Institute of America. NYWINES has been an active member of the corporation and fellow of the Culinary Institute of America since 1992. As such, NYWINES has been an identified resource to students of the Culinary Institute of America, as well as being listed in newsletters and "Mis En Place," a publication of the Culinary Institute of America. One

of the goals of the Culinary Institute of America is to connect its students with leading

members of the culinary world, which NYWINES is an active participant in. Suffice it to

say, NYWINES is well recognized at the Culinary Institute of America, and given this

long association predating one of the Defendant's enrollment, is further notice to

Defendants of NYWINES adoption and use of its valuable trademarks.

40.    Given the long, uninterrupted and exclusive use of NEW YORK WINE

WAREHOUSE and NEW YORK WINE STORAGE COMPANY, and the extensive

advertising and promotional activities engaged in by NYWINES, Defendants, would

have surely been aware of, and knew of NYWINES, all in advance of having selected

NEW YORK WINE CO and NYWINECO.COM. Defendants had constructive notice of

NYWINES' intellectual property rights by virtue of its incontestable federal trademark

registrations.  Given the numerous advertising, marketing, publicity, and support of a

significant educational institution, Defendants are presumed to have had notice of the

existence, and use of NYWINES trademarks.

41.    The use of NEW YORK WINE CO by Defendants is virtually identical to

NYWINES's NEW YORK WINE WAREHOUSE and NEW YORK WINE STORAGE

COMPANY except for the omission of "WAREHOUSE" and "STORAGE". When

encountering NEW YORK WINE CO, a consumer will readily associate the mark and

the name of the business with NYWINES.

42.    Both NYWINES and Defendants are engaged in essentially the same

business, in the same geographic market area, and direct their activities to the same class

of consumers. On its website NYWINECO.COM, Defendants state: "New York Wine

Co. has both a conspicuous passion for the classic wines of Europe and a loyalty to

quality wines from the world's other notable regions. Our own personal curiosity about wine keeps New York Wine Co.'s selection frequently changing, and our devotion to a wine's characteristics of terroir focuses our selection on producers that create a sense of place. No matter if you're looking for everyday drinking wines, undiscovered specialties, or rare trophy vintages, New York Wine Co.'s warm, enthusiastic approach to wine will suit your tastes."

43.    The product catalog for Defendant New York Wine Co is available on *wine-searcher.com*. Since Defendants stock and carry many products also sold by NYWINES, search results from *wine-searcher.com* will show listings for both Plaintiff and Defendant, often near or adjacent to each other.

44.    Shortly after learning of Defendants' adoption and use of NEW YORK WINE CO, NYWINES' counsel contacted Defendants with a cease and desist letter requesting Defendants to immediately change their name, and turn over their domain to NYWINES, among other things.

45.    For a period of more than three (3) months, counsel for Defendants kept stalling counsel of NYWINES stating that either he was too busy, or that his client was too busy to respond substantively to NYWINES' demands. Then finally, after three and a half months, different counsel for Defendants responded by rebuking the claims made by NYWINES. See, Exhibit 7 attached to the original complaint.

46.    Upon information and belief, Defendants have knowingly and willfully adopted NEW YORK WINE CO despite full knowledge of the existence and registration of NEW YORK WINE WAREHOUSE and NEW YORK WINE STORAGE COMPANY by NYWINES.

47.     Upon information and belief, Defendants have knowingly and willfully adopted the domain name NYWINECO.COM despite full knowledge of the existence and registration of the domain NYWINES.COM by NYWINES.

48.     Defendants have performed the aforementioned acts without permission or authority from NYWINES and without legitimate license to reproduce, promote, manufacture, offer for sale, sell and/or distribute products or engage in such activities.

49.     Upon information and belief, unless enjoined by this Court, Defendants intend to continue their course of conduct and wrongfully reproduce, promote, manufacture, offer for sale, sell and/or distribute products or engage in promotional activities utilizing NEW YORK WINE CO and NYWINECO.COM despite NYWINES's ownership of the federally registered incontestable marks NEW YORK WINE WAREHOUSE and NEW YORK WINE STORAGE COMPANY and the domain name NYWINES.COM. As a direct and proximate result of the acts of Defendants alleged herein, NYWINES suffers irreparable injury. NYWINES has no adequate remedy at law to redress the injuries Defendants have caused and will continue to cause by their conduct. NYWINES will continue to suffer irreparable damage unless this Court enjoins Defendants from such unlawful acts and practices.

## FIRST CLAIM FOR RELIEF
### (Federal Trademark Infringement)
### (15 U.S.C. § 1114)

50.     NYWINES restates and incorporates the Allegations of Paragraphs 1 through 49 of this Complaint as if fully set forth herein.

51.     NYWINES is the owner of the Federal Trademark Registrations identified in Paragraph 27 of this Complaint as well as the assumed name NYWINES identified in

Paragraph 28 of this Complaint, and the domain name NYWINES.COM identified in Paragraph 26 of this Complaint. The NYWINES trademarks, assumed name, and domain name have acquired substantial goodwill and secondary meaning.

52.     Defendants have adopted and are using NEW YORK WINE CO and NYWINECO.COM in a manner that is likely to cause confusion, is causing confusion, mistake and deception among the general purchasing public as to the origin and affiliation of Defendants with NYWINES. Defendants are likely to deceive the public into believing that the NEW YORK WINE CO and NYWINECO.COM originates from, is associated with, or is otherwise authorized by NYWINES, all to the damage and detriment of NYWINES's reputation, goodwill, and profits.

53.     Defendants have unlawfully and wrongfully derived, and will continue to unlawfully and wrongfully derive, income and profits from these infringing acts, and NYWINES has sustained and will continue to sustain substantial injury if Defendants are not enjoined from further engaging in such unlawful acts and practices.

54.     Defendants use of one or more of NYWINES's trademarks on or in connection with the sale of products and promotion of its retail store constitutes willful and deliberate infringement of NYWINES's trademarks, without authorization or consent in violation of §32 of the Lanham Act, 15 U.S.C. §1114.

55.     Defendants' aforesaid acts of infringement have caused and will continue to cause NYWINES irreparable harm and injury to its goodwill and reputation unless this Court enjoins such conduct. NYWINES has no adequate remedy at law. Thus, Defendants should be restrained and enjoined pursuant to 15 U.S.C. §1116.

56.     Because of Defendants activities, NYWINES will continue to sustain substantial injury if Defendants are not enjoined from engaging in such unlawful acts and practices.

### SECOND CLAIM FOR RELIEF
**(Unfair Competition and False Designation of Origin)**
**(15 U.S.C. § 1125(a)(1)(A))**

57.     NYWINES restates and incorporates the Allegations of Paragraphs 1 through 56 of this Complaint as if fully set forth herein.

58.     Defendants are manufacturing, distributing, selling and offering for sale in commerce products and promoting its business bearing unauthorized reproductions of trademarks virtually identical to NYWINES' trademarks.

59.     By deliberately and willfully using trademarks virtually identical to, and fully incorporating the elements of, NYWINES' trademarks, Defendants have consciously and deliberately sought to capitalize on the distinctive quality and recognition of NYWINES' trademarks and have intended to capitalize upon and profit by consumer confusion they have created.

60.     Defendants' are knowingly and intentionally misrepresenting and falsely designating to the general public an affiliation, connection, association, origin, source, sponsorship and approval of its competing business, and intends to misrepresent and falsely designate to the general public an affiliation, connection, association, origin, source or sponsorship of its business, so as to create a likelihood of confusion by the pubic as to the affiliation, connection, association, origin, source and sponsorship of the Defendants and Defendants business.

61.    Defendants conduct as alleged is deliberate and willful, is likely to cause confusion, will injure NYWINES' reputation unless enjoined, and constitutes unfair competition and a false designation of origin in violation of §43(a)(1)(A) of the Lanham Act, 15 U.S.C. §1125(a)(1)(A).

62.    Defendants wrongfully and unlawfully derived, and will continue to wrongfully and unlawfully derive, income, profits, and benefits from these acts of false designation of origin, and false representation. NYWINES will continue to sustain substantial injury if Defendants are not enjoined from further engaging in such unlawful acts and practices.

63.    Defendants' acts have caused and will continue to cause NYWINES irreparable harm and injury to its goodwill and reputation unless restrained by this Court. NYWINES has no adequate remedy at law. Defendants should be restrained and enjoined pursuant to 15 U.S.C. §1116.

### THIRD CLAIM FOR RELIEF
**(False Advertising)**
**(15 U.S.C. § 1125(a)(1)(B))**

64.    NYWINES restates and incorporates the Allegations of Paragraphs 1 through 63 of this Complaint as if fully set forth herein.

65.    Through the use of trademarks that are identical, or virtually identical to, and which fully incorporate each of the elements of, NYWINES' trademarks, Defendants are knowingly and intentionally misrepresenting the nature, characteristics, and qualities of its business, and intends to misrepresent the nature, characteristics, and qualities of its business, so as to create a likelihood of confusion by the public as to the nature, characteristics, and qualities of its business.

66.    Defendants conduct as alleged is deliberate and willful, is likely to cause confusion, will injure NYWINES' reputation unless enjoined, and constitutes false advertising in violation of §43(a)(1)(B) of the Lanham Act, 15 U.S.C. §1125(a)(1)(B).

67.    Defendants' acts have caused and will continue to cause NYWINES irreparable harm and injury to its goodwill and reputation unless restrained by this Court. NYWINES has no adequate remedy at law. Defendants should be restrained and enjoined pursuant to 15 U.S.C. §1116.

## FOURTH CLAIM FOR RELIEF
### (Domain Name Infringement)
### (15 U.S.C. § 1125(d)(1))

68.    NYWINES restates and incorporates the Allegations of Paragraphs 1 through 67 of this Complaint as if fully set forth herein.

69.    NYWINES has built up valuable goodwill in its domain name NYWINES.COM and has developed a significant internet presence.

70.    Defendants have adopted, registered and used the domain name NYWINECO.COM, and have apparently done so with bad faith.

71.    Defendants are advertising and promoting the sale of their products through the same channels of trade as NYWINES.

72.    NYWINES' federal trademark registrations are distinctive at the time of the registration of Defendants' domain name NYWINECO.COM and the domain name NYWINECO.COM is confusingly similar with NYWINES' trademarks.

73.    Defendants' adoption and use of the NYWINECO.COM domain name, which is virtually identical to NYWINES' domain NYWINES.COM, was done with the

intent to divert consumers from NYWINES' online location for commercial gain to Defendants.

74.     The aforesaid acts of Defendants constitute a domain name infringement in violation of 15 U.S.C. § 1125(d)(1).

75.     Defendants' acts have caused and will continue to cause NYWINES irreparable harm and injury to its goodwill and reputation unless restrained by this Court. NYWINES has no adequate remedy at law and will continue to suffer immediate and irreparable harm if not enjoined by this Court.

76.     Plaintiff seeks mandatory injunctive relief ordering Defendants to transfer the domain name NYWINECO.COM to Plaintiff.

<u>FIFTH CLAIM FOR RELIEF</u>
**(Deceptive Trade Practices)**
**(New York General Business Law §349)**

77.     NYWINES restates and incorporates the Allegations of Paragraphs 1 through 76 of this Complaint as if fully set forth herein.

78.     The aforesaid acts of Defendants has deceived, misled and confused the general public and will continue to do so, and constitute deceptive trade practices in violation of the New York Deceptive Trade Practices Act, § 349 of the General Business Law.

79.     As a direct and proximate result of the foregoing acts, Defendants unlawfully and wrongfully have derived and will continue to derive, income, profits and ever-increasing goodwill from its activities, and NYWINES has suffered and will continue to suffer immediate and irreparable injury for which there is not be an adequate remedy at law.

80.    Because of Defendants activities, NYWINES seeks to enjoin such unlawful acts and practices.

## SIXTH CLAIM FOR RELIEF
**(New York Common Law)**

81.    NYWINES restates and incorporates the Allegations of Paragraphs 1 through 80 of this Complaint as if fully set forth herein.

82.    Plaintiff's NYWINES marks are well renown within New York and when the marks complained of herein are used by Defendants, they call to mind the good will of Plaintiff such that the NYWINES marks are associated with Plaintiff.

83.    The aforesaid acts of Defendants unauthorized use of NYWINES' trademarks, and indications of origin in connection with its competing business constitute unfair competition under the common law of the State of New York in that Defendants have misappropriated, and unfairly compete with, NYWINES' commercial business and will continue to do so.

84.    As a direct and proximate result of the foregoing acts, Defendants unlawfully derived and will continue to derive income, profits and ever-increasing goodwill from its activities.

85.    NYWINES has suffered and will continue to suffer immediate and irreparable injury for which there is no adequate remedy at law.

86.    Because of Defendants activities, Plaintiff seeks to enjoin such unlawful acts and practices.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff NYWINES prays as follows:

1.      That the Court issue a temporary and permanent injunction order restraining, enjoining, and prohibiting Defendants, their agents, servants, directors, employees, officers, attorneys, distributors, retailers, successors, and assigns, and all persons, firms, corporations and legal entities acting in concert with, or in conspiracy with, or affiliated with, or in participation with Defendants or on Defendants' behalf from:

a.      Using NYWINES's property, including without limitation NEW YORK WINE CO, NYWINECO.COM on or in connection with its business including in all advertisements, including but not limited to electronic, television, radio and print, promotional activities, by the Internet, on brochures, on signs, on banners, flyers, or any colorable imitation of NEW YORK WINE WAREHOUSE, NEW YORK WINE STORAGE COMPANY, NYWINES.COM, in connection with the manufacturing, printing, distribution, advertising, offering for sale, or selling any products or services or other items not the products of NYWINES, or in any manner likely to cause others falsely to believe that Defendants' products and services are connected with NYWINES;

b.      Passing off, inducing, or enabling others to sell or pass off any products or services which are not authorized, licensed or sold by NYWINES;

c.      Committing any other acts calculated to cause purchasers to believe that Defendants' products and services are products and services offered or sold by NYWINES or its valid licensees;

       d.      Shipping, delivering, distributing, transferring, returning, holding for sale, destroying, or otherwise moving, storing, or disposing of any products, advertisements, promotional materials, offers for sale, and documents, or other items bearing or used in connection with the unauthorized use of NEW YORK WINE CO, NYWINECO.COM by Defendants;

       e.      Transferring, moving, returning, destroying or otherwise disposing of any equipment, apparatus, computer recorded media, business records or documents all relating or used in connection with the unauthorized use of NEW YORK WINE CO, NYWINECO.COM by Defendants;

2.      That the Court issue an order requiring Defendants, agents, or employees, to make all reasonable efforts to retrieve all infringing articles from the stream of commerce, including but not limited to advertising and marketing materials in the distribution channel, and deliver such materials to a place designated by the Court during the pendency of this action;

3.      That the Court issue an order requiring Defendants to stop all use of NEW YORK WINE CO, NYWINECO.COM by Defendants, take down all Internet websites featuring or advertising or otherwise using NEW YORK WINE CO, NYWINECO.COM, and to otherwise cease all advertising and promotional efforts of NEW YORK WINE CO, NYWINECO.COM by Defendants;

4.      That the Court issue an order requiring Defendants to change the name of their corporation as registered at the New York Secretary of State to a name that is not infringing with NYWINES' trademarks; and,

5.      That the Court issue an order requiring Defendants to transfer to

NYWINES the domain name NYWINECO.COM.

PLAINTIFF, ARCO INDUSTRIES, INC., IN THE WITHIN AMENDED HAS
WITHDRAWN ALL CLAIMS FOR DAMAGES, COSTS OF SUIT, AND ATTORNEY
FEES, AND ONLY SEEKS INJUNCTIVE RELIEF. ACCORDINGLY PLAINTIFF
WITHDRAWS ITS DEMAND FOR TRIAL BY JURY AS THERE ARE NO
REMAINING ISSUES SO TRIABLE

Dated: June 9, 2008

                              Respectfully submitted:
                              GORDON E. R. TROY, PC


                              By: _____
                                  Gordon E. R. Troy (GT3737)
                                  3333 Lake Road
                                  PO Box 368
                                  Charlotte, VT  05445
                                  (802) 425-9060 Phone
                                  (802) 425-9061 Fax
                                  **gtroy@webtm.com** Email

                              *Attorney for Plaintiff,* ARCO INDUSTRIES,
                              INC.

Amended Complaint for Injunctive Relief                              Page 23